Smith et al. *v.* Pachter, Appellant.

Donovan et al. *v.* Pachter, Appellant.

Argued January 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,* with him *James W. Scanlon,* for appellant.

*J. Julius Levy,* with him *F. J. McDonnell,* for appellee, Donovan.

*David J. Reedy* and *Stanley F. Coar,* for appellee, Smith.

OPINION BY MR. JUSTICE PARKER, March 23, 1942:

When these cases were before us on a former appeal (342 Pa. 21, 19 A. 2d 85) the action of the court below in giving binding instructions for defendant was reversed and new trials were awarded. The cases were re-tried and plaintiffs recovered verdicts. The defendant has appealed in each case, claiming that judgments n. o. v. should be entered.

The appellant concedes that if the essential facts developed at the second trial were the same as at the first trial then the cases, under our former decision, were for the jury: *McGrath v. Penna. Sugar Co.,* 285 Pa. 84, 85, 131 A. 926; *Welker v. Hazen,* 247 Pa. 122, 93 A. 173. He contends, however, that the evidence at the second trial was more favorable to him than that produced at the first trial. The majority of this court are still of the opinion that defendant's negligence was clearly for the jury and that plaintiffs' alleged contributory negligence was not so clear that the court would be justified in disposing of the question as a matter of law.

Defendant refers to three matters to sustain his contention that there was such a change in the evidence as would warrant a different conclusion, to wit, the location of the ashes, the view of Palm Street afforded the defendant as he approached the intersection, and the actual point of collision. The dissenting opinion filed on the former appeal suggested that the evidence of the engineer as to exact measurements showing the view of Palm Street which defendant would have had was not so clear that the inference could be drawn therefrom that at the points indicated by the surveyor the coasters could be seen on the surface of the street. On the second trial the engineer made clear that the view as to which he was testifying had reference to the surface of the street. That testimony was more favorable to the plaintiffs on the second trial.

It was also suggested in the dissenting opinion and repeated as an argument by defendant on this appeal, that the point of collision was only three or four feet north of the line of the southern curb on Palm Street. On the second trial it appeared that there was a sewer manhole eight feet north of that southern curb line and with relation to that fixture various testimony was given. One of plaintiffs' witnesses testified that the collision occurred three feet north of the manhole which would place the point of accident approximately eleven feet within the lines of Palm Street as traveled. It appeared from the testimony of other witnesses that when defendant stopped his car the rear of the car was approximately at the manhole, that the car was ten feet in length and that one of the girls was lying after the accident on the sled in front of defendant's automobile. This would make it possible for the jury to find that the collision had occurred nearer the center of Palm Street than the testimony on the first trial warranted. It further appeared at the second trial that the sled on which the girls were riding came down the center of the street to the point where the ashes were placed. The girls then lost consciousness and could not describe the details of the collision. While the jury could have found that the collision occurred at the manhole, it might well have found that it occurred some distance north of that point or near the center of Palm Street. Plaintiffs have verdicts and the evidence must be considered in a light most favorable to them.

On the second trial the witnesses placed the band of ashes closer to the paved portion of Pittston Avenue than they did on the first trial. This does not materially affect the legal questions involved.

The close question presented in this case has to do with the alleged contributory negligence of plaintiffs. In view of our former decisions to the effect that coasting on a public street which is not put to extended use and not expressly prohibited by ordinance is not unlawful

and does not constitute negligence per se, we are still of the opinion that coasting upon this street under the circumstances could not be said as a matter of law to be so clearly and manifestly dangerous that it would be the duty of the court to declare it to be so. Numerous coasters during several days had been stopped by the ashes placed there by the city for that purpose and the sled of these plaintiffs was the only one known to have gone through the ashes. We adhere to our former ruling.

Judgments affirmed in each case.

MR. CHIEF JUSTICE SCHAFFER and MR. JUSTICE DREW dissent.