452 A.2d 1032

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Ronald MEOLI.**

Superior Court of Pennsylvania.

Argued April 23, 1982.

Filed Oct. 15, 1982.

Reargument Denied Dec. 17, 1982.

David M. McGlaughlin, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Theodore Q. Thompson, Ambler, for appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WIEAND, Judge:

In this appeal by the Commonwealth, it is contended that the trial court erred when, in response to an omnibus pre-trial motion, it quashed informations charging Ronald Meoli with disorderly conduct,[1] simple assault[2] and resisting arrest.[3] We agree and reverse.

After an appeal had been filed, the trial judge prepared and filed a memorandum opinion in accordance with Pa.R. A.P. 1925(a). In that opinion he commendably conceded that the information charging simple assault had been quashed erroneously. He explained the quashing of the resisting arrest charge on grounds that Meoli had not committed an offense in the presence of the arresting officer and that the Commonwealth, therefore, could not prove the lawful arrest which is an essential element of the crime of resisting arrest. The information charging disorderly conduct was quashed because, in the opinion of the trial judge, Meoli had not been guilty of that offense.

The trial court's order was an inappropriate response to appellant's motion to quash. A motion to quash may be used to raise defects apparent on the face of the information or other defects that would prohibit prosecution.

1. 18 Pa.C.S. § 5503.

2. 18 Pa.C.S. § 2701.

3. 18 Pa.C.S. § 5104.

2 Wharton's Criminal Procedure § 348 (12th ed. Torchia 1975). See also: *Commonwealth v. Roundtree,* 469 Pa. 241, 247 n. 3, 364 A.2d 1359, 1362 n. 3 (1976) (proper procedure for objecting to length of delay in being brought to trial is a motion to quash); *Commonwealth v. Fiume,* 278 Pa.Super. 75, 419 A.2d 1364 (1980) (indictment properly quashed where it charged a crime beyond the statute of limitations and there were no facts to bring it within exceptions to statute); *Commonwealth v. Costigan,* 272 Pa.Super. 520, 524 n. 4, 416 A.2d 1018, 1020 n. 4 (1979) (length of delay); *Commonwealth v. Creamer,* 236 Pa.Super. 168, 173, 345 A.2d 212, 214–15 (1975) (indictment properly quashed where no act or failure to act charged in the indictment occurred in indicting county). A motion to quash an information is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence. See and compare: *Commonwealth v. Levinson,* 480 Pa. 273, 289, 389 A.2d 1062, 1069 (1978); *Commonwealth v. Webster,* 462 Pa. 125, 131–32, 337 A.2d 914, 917, *cert. denied,* 423 U.S. 898, 96 S.Ct. 201, 46 L.Ed.2d 131 (1975); *Commonwealth v. Coyle,* 415 Pa. 379, 396, 203 A.2d 782, 791 (1964). The inadequacy, incompetency, or even illegality of the Commonwealth's evidence does not constitute grounds for quashing an information. See: *United States v. Calandra,* 414 U.S. 338, 344–45, 94 S.Ct. 613, 618, 38 L.Ed.2d 561, 569 (1974); *Commonwealth v. Webster, supra.*

■ In the instant case, the order quashing the informations was premature. The court had not heard the entire Commonwealth case against Meoli. It had heard only one witness, a policeman. No testimony had been received from Meoli's wife, the neighbor who called police because of Meoli's conduct toward his wife, or other policemen who were present on the scene. Until these witnesses had been heard, the court could not possibly make a determination that the Commonwealth would be unable to establish a prima facie case against appellee.

■ Appellee argues that the trial court's order should be affirmed because his arrest had been without probable cause

and, therefore, was illegal. However, " 'the mere fact that the arrest of an accused person is unlawful is of itself no bar to a prosecution on a subsequent indictment or information, by which the court acquires jurisdiction over the person of the defendant.' " *Commonwealth v. Krall,* 452 Pa. 215, 219, 304 A.2d 488, 490 (1973), quoting 41 Am.Jur.2d, Indictments and Informations § 18, at 891. See also: *Albrecht v. United States,* 273 U.S. 1, 5, 47 S.Ct. 250, 251, 71 L.Ed. 505, 508 (1927); *United States v. Hughes,* 311 F.2d 845, 846 (3rd Cir.1962); *Commonwealth v. Sudler,* 496 Pa. 295, 304, 436 A.2d 1376, 1380 (1981); *Commonwealth v. Bable,* 286 Pa.Super. 203, 206, 428 A.2d 643, 644 (1981); *Commonwealth v. Kazior,* 269 Pa.Super. 518, 521–22, 410 A.2d 822, 823 (1979); *Commonwealth v. Walker,* 243 Pa.Super. 388, 393–95, 365 A.2d 1279, 1281–82 (1976).

Moreover, the limited evidence heard by the trial court did not support its conclusion that Meoli's arrest had been unlawful. On December 24, 1980, at or about 7:15 p.m., police arrived at 623 North Cannon Avenue, Lansdale, Montgomery County, in response to a call from a neighbor that Meoli had been drinking, was possibly intoxicated and had been abusing his estranged wife. The police were admitted to Mrs. Meoli's residence voluntarily by Mrs. Meoli. Although distraught, she was able to tell police that her husband had become intoxicated and had abused her by striking her. She also told police that her requests that Meoli leave had been refused. Officer David Bell spoke to Meoli and repeated Mrs. Meoli's request that Meoli leave. To this Meoli responded that he was not going to leave and that the police would have to shoot him to get him out of the house. After continued requests to leave and refusals by Meoli, he was told that he was under arrest for trespass. A struggle ensued, and as a result thereof, Meoli was arrested on the instant charges.

Contrary to appellee's contentions, the police did not require a warrant to enter Mrs. Meoli's home. They were admitted consensually by Mrs. Meoli, the sole tenant. Appellee was not a resident of the premises, and his consent

was not necessary to a police entry effected at the invitation of Mrs. Meoli. After the police had been admitted and after appellee had refused both orders and entreaties to leave, he could be arrested without warrant for criminal trespass, an offense which occurred in the presence of the police.

"The crime of defiant trespass occurs when a person remains in a place where he is not privileged to remain after notice of trespass is given." *Commonwealth v. Conyers,* 238 Pa.Super. 386, 389, 357 A.2d 569, 570 (1976) (footnote omitted). See also: 18 Pa.C.S. § 3503(b)(1). "An offense under this subsection constitutes a misdemeanor of the third degree if the offender defies an order to leave personally communicated to him by the owner of the premises or other authorized person. Otherwise it is a summary offense." 18 Pa.C.S. § 3503(b)(2). Because Meoli's refusal to leave, as described by the Commonwealth witness, constituted the misdemeanor of defiant trespass and occurred in the presence of the police, they were authorized to effect an arrest without warrant. See: *Commonwealth v. Trefry,* 249 Pa. Super. 117, 122, 375 A.2d 786, 789 (1977), *allocatur denied; Commonwealth v. Reeves,* 223 Pa.Super. 51, 52–53, 297 A.2d 142, 143 (1972); *Commonwealth v. Vassiljev,* 218 Pa.Super. 215, 219–20, 275 A.2d 852, 854 (1971).

■ Finally, as the trial court observed in its opinion, even an unlawful arrest will not justify or excuse an assault upon an arresting police officer. *Commonwealth v. Temple,* 258 Pa.Super. 269, 275, 392 A.2d 788, 791 (1978); *Commonwealth v. Whitner,* 241 Pa.Super. 316, 322–24, 361 A.2d 414, 417–18 (1976). This is clearly set forth in 18 Pa.C.S. § 505(b)(1)(i) which provides that the use of force is not justified to resist an arrest by a peace officer, even though the arrest is unlawful.

For all these reasons the order quashing the several informations was in error.

Reversed and remanded for further proceedings.