476 A.2d 980

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David Lee MOSER.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1984.

Filed June 8, 1984.

238

Roy A. Keefer, Assistant District Attorney, Gettysburg, for Commonwealth, appellant.

John D. Kuhn, Public Defender, Gettysburg, for appellee.

Before WICKERSHAM, DEL SOLE and MONTEMURO, JJ.

MONTEMURO, Judge:

The Commonwealth takes this appeal from the order of the Court of Common Pleas of Adams County granting the appellee's motion to quash the information. We conclude that the lower court erred in doing so.

The facts relevant to the present appeal are as follows: On January 29, 1982, Don Jeffries, a parole officer, was notified that one Gina Sheely had been cut with a knife by the appellee, David Lee Moser, a parolee under the supervision of Jeffries. Jeffries conducted an interview with Ms. Sheely on February 2, 1982. She told Jeffries that she had lived with the appellee until October, 1981, that appellee had "cut her clothes on several occasions during domestic quarrels, and that appellee was in possession of a long, black rifle and had gone hunting." Jeffries was aware that the appellee possessed a knife in connection with his employment.

On February 4, 1982, Jeffries went to the appellee's apartment. The appellee was not present, but Jeffries gained access into the apartment from the landlord. While at the apartment, Jeffries conducted a thorough search. He found a hunting knife with a six-inch blade and an overall length of ten-inches; a box of ammunition; and a hunting rifle in the bedroom closet. He then returned to the room and discovered, inside a bureau drawer, a sawed-

off rifle.[1]  The rifle is the subject of the prosecution which engendered the present appeal.  Additionally, two $CO_2$ pistols were discovered.

The appellee was arrested on February 15, 1982 and charged with possession of a prohibited offensive weapon [2] i.e., the sawed-off rifle.  Counsel for the appellee filed a pre-trial motion to suppress the sawed-off rifle, alleging an illegal search and seizure by Jeffries, and a pre-trial motion to quash the information;  contending that, as a matter of law, the sawed-off rifle was not a prohibited offensive weapon.

After a hearing on July 7, 1982, the lower court made findings of fact.  On August 11, 1982, the lower court issued an order denying the appellee's motion to suppress, but granted the motion to quash the information.  The lower court concluded that the sawed-off rifle was not a prohibited offensive weapon.  The Commonwealth took a timely appeal from that order.

1. The rifle was a thirty-thirty Savage hunting rifle Model 340A.  The weapon in its original form had a barrel length of twenty-three (23) inches and an overall length of forty (40) inches.  The barrel had been "sawed-off" to twelve and three/quarter (12¾) inches.  Additionally, the stock or butt-end of the weapon had been cut down.  After alteration, the weapon was only twenty-two (22) inches in length.

2. § 908.  **Prohibited offensive weapons**
   (a) **Offense defined.**—A person commits a misdemeanor of the first degree if, except as authorized by law, he makes, repairs, sells, or otherwise deals in, uses, or possesses any offensive weapon.
   (b) **Exception.**—It is a defense under this section for the defendant to prove by a preponderance of evidence that he possessed or dealt with the weapon solely as a curio or in a dramatic performance, or that he possessed it briefly in consequence of having found it or taken it from an aggressor, or under circumstances similarly negativing any intent or likelihood that the weapon would be used unlawfully.
   (c) **Definition.**—As used in this section "offensive weapon" means any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury with serves no common lawful purpose.  1972, Dec. 6, P.L. 1482, No. 334, § 1, effective June 6, 1973.

■ The Commonwealth contends that the lower court erred in quashing the information because it ruled that a sawed-off rifle was not a prohibited offensive weapon as a matter of law. We agree that the lower court erred; however, our conclusion has a somewhat different basis. A motion to quash may be used to raise defects apparent on the face of the information or other defects that prohibit prosecution. *Commonwealth v. Meoli,* 307 Pa.Super. 50, 452 A.2d 1032 (1982), and cases cited therein. *See also,* 2 Wharton's Criminal Procedure § 348 (12th ed. Torchia 1975). "A motion to quash an information is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence. [citations omitted]. The inadequacy, incompetency, or even illegality of the Commonwealth's evidence does not constitute grounds for quashing an information." *Commonwealth v. Meoli, supra,* 307 Pa.Super. at 53, 452 A.2d at 1033.

■ The trial court's quash of the information was improper because its rationale for doing so was more a judgment of the Commonwealth's evidence than a determination of the validity of the information. In the Pa.R.A.P. 1925(a) Opinion filed by the court, the trial judge asserts his disagreement with the ballistics expert proferred by the Commonwealth based upon "his own experience with firearms." While we express no opinion as to the validity of his conclusion, we do find that it does not serve as a basis for quashing an information which is free from any defect on its face. Consequently, we hold that the lower court abused its discretion in quashing the information. *Commonwealth v. Niemetz,* 282 Pa.Super. 431, 422 A.2d 1369 (1980).

We note finally that the appellee raises an additional issue claiming that in the August 11, 1982 order, the trial court erred in denying the motion to suppress the sawed-off rifle as the fruit of an illegal search.

This issue is not properly before us inasmuch as appellee Moser did not file a cross-appeal. Consequently, we are

without jurisdiction to entertain his contention. *Commonwealth v. Barnes*, 307 Pa.Super. 143, 452 A.2d 1355 (1982).

Reversed and remanded. This court does not retain jurisdiction.