557 A.2d 1106

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Tracy B. SHAFFER, Appellee.**

Superior Court of Pennsylvania.

Submitted March 28, 1989.

Filed May 3, 1989.

2. Judgment was entered on April 13, 1989 pursuant to Pa.R.A.P. 905(a).

Keith A. Pesto, Assistant District Attorney, Hollidaysburg, for Com., appellant.

A. Thomas Farrell, Assistant Public Defender, Altoona, for appellee.

Before WIEAND, DEL SOLE and MELINSON, JJ.

PER CURIAM:

■ In this criminal action, the trial court used a motion to quash the information as a mechanism for entering a finding that the accused was not guilty and dismissing the prosecution. This was error. Therefore, we reverse and remand for further proceedings.

■ A motion to quash is an appropriate means for raising defects apparent on the face of the information or other defects which would prevent prosecution. *Commonwealth v. Moser*, 328 Pa.Super. 237, 240, 476 A.2d 980, 981 (1984); *Commonwealth v. Meoli*, 307 Pa.Super. 50, 52, 452 A.2d 1032, 1033 (1982). It is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence. Neither the adequacy nor competency of the Commonwealth's evidence can

be tested by a motion to quash the information. *Commonwealth v. Meoli, supra,* 307 Pa.Superior Ct. at 53, 452 A.2d at 1034. See also: *Commonwealth v. Moser, supra.*

The posture of this case was unnecessarily beclouded by a stipulation of counsel which purported to recite the evidence on which the parties would rely upon a trial of the charges. Such a stipulation was of no value in aiding the trial court in its determination of the defendant's motion to quash the information. Defendant had been charged with violating section 481(a) of the Public Welfare Code of June 13, 1967, P.L. 31, No. 21, as amended, 62 P.S. § 481(a), by failing to disclose moneys paid to her via the Blair County Prison, which allegedly represented the payment of support by Michael LeComte, an inmate. The District Attorney stipulated that the defendant would produce testimony that the money was intended for ultimate delivery to a third person in payment of an indebtedness by LeComte to such third person. The truth of such testimony, however, was not stipulated. Thus, it is patently clear that the stipulation did not resolve the ultimate issue of guilt or innocence. This issue was for the trier of the facts. When the trial court made that determination in response to a defense motion to quash the information, the court fell into error.

Reversed and remanded for further proceedings. Jurisdiction is not retained.