J-S69045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MELISSA C. MILLER, | |
| Appellee | No. 443 MDA 2016 |

Appeal from the Order Entered February 29, 2016
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-CR-0001662-2015

BEFORE:  STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                   **FILED JANUARY 17, 2017**

The Commonwealth appeals from the order of February 29, 2016, which granted, with prejudice, the motion of Appellee, Melissa C. Miller, to quash or dismiss the charges against her.[1]  On appeal, the Commonwealth argues that the trial court erred in *sua sponte* dismissing the action because it believed that the Commonwealth had not made a *prima facie* case.  We agree.  Accordingly, we reverse and remand for trial.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  On October 15, 2013,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court quashed charges of theft of leased property, 18 Pa.C.S.A. § 3932(a), and receiving stolen property, 18 Pa.C.S.A. § 3925(a).

Appellee entered into a lease agreement with Aaron's Leasing and Sales in College Township, Centre County. (***See*** N.T. Preliminary Hearing, 10/28/15, at 7). Pursuant to the agreement, Appellee received a bedroom set, sofa, and love seat; in return, she agreed to make payments until she fully purchased the items in July 2016. (***See id.*** at 5, 10). Appellee ceased making payments in May 2015, leaving her in arrears. (***See id.*** at 5-6). Attempts to negotiate a new payment plan proved unsuccessful. (***See id.*** at 6-7).

On September 29, 2015, the Commonwealth filed a criminal complaint and charged Appellee with theft of leased property and receiving stolen property. A preliminary hearing took place on October 28, 2015. At the hearing, Frank Carmines, the general manager at Aaron's Leasing and Sales, testified with respect to the lease and Appellee's failure to pay. (***See id.*** at 4-7). Mr. Carmines stated that he sent several certified letters to Appellee requesting payment and personally spoke with her to try to resolve the matter. (***See id.*** at 18). Mr. Carmines also testified that he had been to Appellee's home and the furniture was in poor condition, and informed Appellee that, because of this, Appellee could not return it. (***See id.*** at 6, 12-13). At the hearing, Appellee did not contest the adequacy of the Commonwealth's evidence but instead argued that a binding arbitration clause contained within the lease precluded criminal prosecution. (***See id.***

at 11-12, 19-20). At the conclusion of the preliminary hearing, the magisterial district judge bound the case over for trial. (***See id.*** at 20).

On November 19, 2015, the Commonwealth filed a criminal information charging Appellee with theft of leased property and receiving stolen property. (***See*** Criminal Information, 11/19/15, at 1). On December 28, 2015, Appellant filed an omnibus pre-trial motion. In the motion, Appellee sought to quash or dismiss the criminal information. (***See*** Omnibus Pre-Trial Motion, 12/28/15, at 2). Appellee did not argue that the Commonwealth had not made a *prima facie* case, but maintained that the existence of the arbitration clause in the lease agreement precluded criminal prosecution. (***See id.*** at 2-3).

Argument on the motion took place on February 12, 2016. No witnesses testified at the argument. The sole issue raised by Appellee was whether the arbitration clause precluded criminal prosecution. (***See*** N.T. Motion Hearing, 2/12/16, at 4, 6-8). Appellee entered a transcript of the testimony at the preliminary hearing as an exhibit at argument. (***See id.*** at 9). The trial court agreed with the Commonwealth that the arbitration clause did not bind the Commonwealth. (***See id.*** at 7-8). However, during the argument, the following exchanges took place between the trial court and the Commonwealth.

> The [Trial] Court: . . . you are going to have to establish a theft. You are going to have to establish that [Appellee] intended to deprive somebody else of the use of this property and I believe the basis for doing this is [ ] she refused to pay for

it. Am I right? You don't have any evidence that she moved it to West Virginia or that she set it in her back yard and burned it? She just quit paying?

[The Commonwealth]: Right. And I think that would be converting to your own use under the statute of theft of leased property.

The [Trial] Court: That's certainly the argument that you will have to make.

[The Commonwealth]: And that will be something we'll worry about proving at trial to a jury, or to a judge, or whichever, but I don't think this arbitration agreement can keep the Commonwealth from prosecuting this case.

The [Trial] Court: I agree with you it cannot.

The [Commonwealth]: Okay.

The [Trial] Court: The question is whether there has been established a crime or whether there hasn't been established a crime. . . .

(*Id.* at 7-8).

On February 29, 2016, the trial court issued an order granting Appellee's motion to quash or dismiss with prejudice. (*See* Order, 2/29/16, at 1). The order did not provide any explanation as to the basis for the dismissal. (*See id.*). The instant, timely appeal followed. On March 17, 2016, the trial court ordered the Commonwealth to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1295(b). The Commonwealth filed a timely Rule 1925(b) statement on April 6, 2016. *See id.* On May 4, 2016, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

In the opinion, the trial court found that the Commonwealth had not made a *prima facie* case for theft of the leased property or receiving stolen property. (**See** Opinion, 5/04/16, at 3). The trial court did not find that the arbitration clause precluded the Commonwealth's bringing of criminal trials but stated that, because it believed the Commonwealth's evidence was insufficient, the parties should have disposed of the matter in arbitration. (**See id.**).

On appeal, the Commonwealth raises the following question for our review:

I.    Did the [trial court] abuse its discretion in granting Appellee's motion to quash criminal information CP-14-CR-1662-2015 on the basis of the Commonwealth's failure to establish a *prima facie* case because:

A.    A motion to dismiss/quash is not the proper means by which to test the adequacy, competency, or sufficiency of the Commonwealth's evidence?

B.    The motion to dismiss/quash cannot be considered an incorrectly styled petition for a writ of *habeas corpus* because Appellee did not even attempt to challenge the sufficiency of the evidence at any time after the preliminary hearing?

C.    Even assuming, *arguendo*, that Appellee's motion to dismiss/motion to quash is considered an "incorrectly styled" petition for writ of *habeas corpus*, the Commonwealth's evidence is sufficient to bind Appellee over to the Centre Court of Common Pleas?

(Commonwealth's Brief, at 4).

- 5 -

We briefly note our settled standard of review.

> The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion. Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Weigle*, 949 A.2d 899, 902 (Pa. Super. 2008), *affirmed*, 997 A.2d 306 (Pa. 2010) (quotation marks and citations omitted). Furthermore:

> . . . it is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary. Indeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime. . . .

> \* \* \*

> At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

*Commonwealth v. Karetny*, 880 A.2d 505, 513-14 (Pa. 2005) (citations omitted). The function of a preliminary hearing "is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime

was committed and the probability the defendant could be connected with the crime. Its purpose is not to prove defendant's guilt." ***Commonwealth v. Jackson***, 849 A.2d 1254, 1257 (Pa. Super. 2004) (citation omitted).

The Commonwealth claims that the trial court abused its discretion in quashing the criminal information because a motion to dismiss is not the proper procedure to test the adequacy of the Commonwealth's evidence. (***See*** Commonwealth's Brief, at 10). Specifically, it says that Appellee filed a motion to dismiss/quash based on the arbitration clause contained in the lease agreement, which Appellee alleged precluded the Commonwealth from prosecuting the matter. (***See id.*** at 11). It contends that the trial court "used [the motion] as a vehicle to determine that Appellee was not guilty and dismissed the prosecution." (***Id.***). The Commonwealth avers that the trial court's action runs afoul of this Court's decision in ***Commonwealth v. Shaffer***, 557 A.2d 1106 (Pa. Super. 1989). (***See id.*** at 10-13). We agree.

In ***Shaffer***, we stated that:

> A motion to quash is an appropriate means for raising defects apparent on the face of the information or other defects which would prevent prosecution. It is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence. Neither the adequacy nor competency of the Commonwealth's evidence can be tested by a motion to quash the information.

***Shaffer***, ***supra*** at 1106-07 (citations omitted). Thus, we held that the trial court had erred in using a motion to quash as a means of determining guilt and acquitting the defendant. ***See id.***

- 7 -

Here, although Appellee did not challenge the sufficiency of the Commonwealth's evidence in her motion, the trial court *sua sponte* evaluated the testimony from the preliminary hearing, (*see* Trial Ct. Op., at 3), weighed its adequacy, and made a *de facto* finding that Appellee was not guilty. (*See id.*). This was error. *See Shaffer*, *supra* at 1106-07. The sole question before the trial court at this stage was whether there were "defects apparent on the face of the information or other defects which would prevent prosecution."[2] *Id.* at 1106; *see also Commonwealth v. Nicodemus*, 636 A.2d 1118, 1121 (Pa. Super. 1993), *appeal denied*, 655 A.2d 512 (Pa. 1994) ("[A]n omnibus pretrial motion may contain a motion to quash an indictment or information when it is alleged that the indictment or information is defective, but it cannot be a means of testing the adequacy or competency of the Commonwealth's evidence.") (citations omitted). By quashing the information based on the adequacy of the evidence rather than

---

[2] The proper means of challenging the sufficiency of the Commonwealth's evidence is by way of a writ of *habeas corpus*. *See Commonwealth v. Marti*, 779 A.2d 1177, 1179 n.1 (Pa. Super. 2001). While we have sometimes treated a motion to dismiss/quash as an incorrectly styled petition for a writ of *habeas corpus*, we have only done so in cases where the defendant challenged the sufficiency of the evidence in the motion and where the Commonwealth has not objected. *See id.*; *see also Commonwealth v. Ballard*, 460 A.2d 1091, 1092 n.1 (Pa. 1983) (treating pleading challenging sufficiency of evidence incorrectly styled as motion to quash as mistitled petition for writ of *habeas corpus*). As discussed above, this is simply not the case here and, therefore, there is no basis for treating Appellee's motion as a mistitled petition for a writ of *habeas corpus*. *See Ballard*, *supra* at 1092 n.1; *Marti*, *supra* at 1179 n.1.

any defect on the face of the information, the trial court erred and abused its discretion. *See Commonwealth v. Moser*, 476 A.2d 980, 982 (Pa. Super. 1984) ("The trial court's quash of the information was improper because its rationale for doing so was more a judgment of the Commonwealth's evidence than a determination of the validity of the information."). Accordingly, we are constrained to reverse and remand the case for proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017