J-S14031-25                    2025 PA Super 118

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SERGIO MAURICIO ZAMBRANO AGUILAR | : | No. 1 EDA 2025 |
| | : | |

Appeal from the Order Entered November 15, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002461-2023

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED JUNE 10, 2025**

The Commonwealth/Appellant appeals from the order entered in the Court of Common Pleas of Monroe County on November 15, 2024, granting the suppression motion of Defendant/Appellee, Sergio Mauricio Zambrano Aguilar. After a careful review, we reverse and remand for trial.

We glean the following from the complaint and affidavit of probable cause: On September 22, 2023, the Pocono Mountain Regional Police Department received a report from an adult male named Musa Harris who operates an organization called LC Predator Catchers. **See** Compl. and Aff. of Prob. Cause at 5.  Through this organization, Mr. Harris purports to be under the age of sixteen and "conducts investigations online by talking with adult

_____

[*] Former Justice specially assigned to the Superior Court.

males on various applications" who agree to meet up for sexual acts during conversations with him. *Id*. Mr. Harris engaged in such a conversation with Appellee, stating that he was a fifteen-year-old boy. *Id*. Mr. Harris informed police that Appellee agreed to meet for sexual acts, sent graphic photographs of himself, offered to be "fuck friends," and provided Mr. Harris with his home address. *Id*.

Mr. Harris arrived at the address provided by Appellee to confront him and to call the police who arrived thereafter. *Id*. Appellee at first informed police that he was going to meet up with a fifteen-year-old boy to cut his hair. *Id*. at 5, 6. Mr. Harris provided police with the entire chat log and video recordings between himself and Appellee. *Id*. at 5. Pocono Mountain Police Officer Daniel Campagna and Detective Erica Burk investigated the incident and conducted a mirandized interview of Appellee during which Appellee allegedly acknowledged the sexual nature of his messages indicating his intent to have sex with someone he believed to be a fifteen-year-old boy. *See* Compl. at 6. Appellee was charged with Criminal Attempt: Corruption of Minors (as both a felony and as a misdemeanor) and Criminal Use of a Communication Facility.[1]

On March 20, 2024, Appellee filed a pre-trial motion titled "Motion to Suppress." In his motion, he argued that the police had no involvement in this

_____

[1] 18 Pa.S.C.A. § 901(a); § 6301(a)(1); § 7512(a).

matter and that communications with an adult "vigilante" posing as a minor must be suppressed. ***See*** Motion to Suppress at 1. Appellee's motion cited 18 Pa.C.S.A. § 6318(a) (Unlawful Contact with Minors) for the proposition that Appellee's contact must have been with an actual minor or a law enforcement officer acting as a minor to be criminal. ***Id***. Appellee and the Commonwealth respectively filed memorandums in support of and opposition to the motion.

A hearing on the motion was held on April 18, 2024. No evidence was elicited and no witnesses testified at the hearing. Instead, the attorneys agreed that the alleged facts are largely not in dispute and that this was a case of statutory interpretation. ***See*** N.T., 4/18/24, at 8. The attorneys argued for their positions on whether Appellee's charges could stand under the circumstances out of which they arose. ***Id.*** at 2-9. Appellee's counsel argued that in interpreting the Unlawful Contact with Minors statute, the legislature intended that only law enforcement officers—not citizens or vigilantes—are allowed to conduct "sting operations" where they pretend to be a minor in online communications. ***Id.*** at 2-3. The Commonwealth's attorney pointed out that Appellee was not charged with Unlawful Contact with Minors, so Appellee's argument has no relevant application in this case. ***Id.*** at 5.

Appellee's counsel responded that because only contact with an actual minor or a law enforcement officer posing as a minor can be used as evidence for an Unlawful Contact with Minors charge, the legislature would not have intended to be inconsistent in permitting vigilante involvement for other

crimes against minors. *Id.* at 5-6. The Commonwealth argued that while the legislature specifically amended the Unlawful Contact with Minors charge in 2006 to include only contact with actual minors or law enforcement officers, the legislature did not similarly amend the Corruption of Minors statute with which Appellee was charged with attempting. Thus, the Commonwealth argued, if the legislature intended to amend the Corruption of Minors statute, it would have done so within that statute or by amending the whole chapter on sex offenses against minors. *Id*. at 6-7.

Following the hearing and filing of briefs by the parties, the trial court granted Appellee's motion to suppress and, construing the motion as a motion to quash, *sua sponte* quashed the criminal information. The trial court reasoned that because Appellee was communicating online with Mr. Harris, an adult, it was factually impossible for Appellee to have committed or attempted the underlying charge. Tr. Ct. Op. and Order, 11/15/24, at 5-6. The Commonwealth filed a timely notice of appeal on December 13, 2024, and a concise statement pursuant to Pa.R.A.P. 1925(b) on December 19, 2024.

The trial court then filed its Rule 1925(a) opinion which, in addition to reinforcing its previous reasoning of factual impossibility, *sua sponte* concluded that the Commonwealth failed to establish a *prima facie* case with regard to each of the material elements of Appellee's charges. Tr. Ct. Op., 1/15/25, at 1-2. We note that Appellee never filed a motion to dismiss for the lack of a *prima facie* case, and the conclusion that the Commonwealth failed

- 4 -

to state a *prima facie* case was not stated by the trial court until appeal. This appeal followed.

The Commonwealth raises one issue for our review:

DID THE TRIAL COURT ERR IN GRANTING SUPPRESSION AND QUASHING THE CRIMINAL INFORMATION?

Appellant's Br. at 5.

Our standard of review in addressing a suppression court's order granting a suppression motion is as follows:

When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

Our standard of review is restricted to establishing whether the record supports the suppression court's factual findings; however, we maintain *de novo* review over the suppression court's legal conclusions.

***Commonwealth v. Coles***, 317 A.3d 659, 663 (Pa. Super. 2024) (citing ***Commonwealth v. Korn***, 139 A.3d 249, 253-254 (Pa. Super. 2016) appeal denied, 159 A.3d 933 (Pa. 2016)).

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." ***Commonwealth v. Perel***, 107 A.3d 185, 188 (Pa. Super. 2014) (citing ***Rakas v. Illinois***, 439 U.S. 128, 130 n.1, (1978). In Pennsylvania, the

suppression of evidence is a remedy available to a defendant if such evidence was seized as a result of a search that violated the fundamental constitutional guarantees of Article 1, Section 8 of the Pennsylvania Constitution. ***Commonwealth v. Ruey***, 892 A.2d 802, 807 (Pa. 2006). However, as our Supreme Court has explained, the suppression of evidence is not always the appropriate remedy in a particular matter. ***See Commonwealth v. Monte***, 329 A.2d 836 (Pa. 1974). It is only in instances "where the violation also implicates fundamental, constitutional concerns, is conducted in bad-faith or has substantially prejudiced the defendant that exclusion may be an appropriate remedy." ***Commonwealth v. Mason***, 490 A.2d 421, 426 (Pa. 1985).

A defendant must demonstrate a privacy interest which has been infringed upon in order to be successful in a motion to suppress. Further, an "established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." ***Alderman v. U.S.***, 394 U.S. 165, 171-72, (1969).

Here, Appellee filed a baseless suppression motion. First, in emphatically admitting that the police had no involvement in his communications, Appellee forfeits any argument that the state violated his Federal Fourth Amendment rights or Pennsylvania Constitution Article 1 Section 8 rights in obtaining the

evidence from the vigilante. Second, Appellee did not demonstrate that he had an expectation of privacy in his online communications with Mr. Harris. Indeed, this Court has held that an individual lacks a reasonable expectation of privacy over emails and chat room messages once those communications are received by the intended recipients because "once the [message] is received and opened, the destiny of the [message] then lies in the control of the recipient [], not the sender, absent some legal privilege." *Commonwealth v. Proetto*, 771 A.2d 823, 830-31 (Pa. Super. 2001) (citation omitted), aff'd, 837 A.2d 1163 (Pa. 2003).

Accordingly, because Appellee did not assert that a violation of his fundamental rights resulted in the evidence against him being illegally obtained, his "Motion to Suppress" was unfounded. Because Appellee could not prove, and did not attempt to prove, that he had a legitimate expectation of privacy, the trial court erred in granting such a motion. Appellee instead should have filed a motion to quash if such was his intent, however, he did not. A motion to quash may be used to raise defects apparent on the face of the information or other defects that prohibit prosecution. *Commonwealth v. Meoli*, 452 A.2d 1032 (Pa. Super. 1982). Under our Rules of Criminal Procedure, a request to quash or dismiss an information must be made in an omnibus pretrial motion. Pa.R.Crim.P. 578(5). This Court has further clarified that "[a] request to quash an information must be made in an omnibus pretrial motion for relief or it is considered waived." *Commonwealth v. Martin*, 694

A.2d 343, 344 (Pa. Super. 1997) (quoting **Commonwealth v. Rishel**, 658 A.2d 352, 358 (Pa. Super. 1995)). Accordingly, since Appellee failed to make a request to quash his information, he waived his right to do so.

However, this case becomes unnecessarily beclouded by the fact that the trial court, acting on its own, apparently relabeled the motion. To be clear: Appellee filed a "motion to suppress" when there was no evidence subject to suppression on constitutional grounds. Then the trial court's order granting the suppression motion construed it as if it was properly a motion to quash, *sua sponte* granting relief that Appellee did not request on an issue that was not preserved. Although this alone constitutes reversible error, **See e.g. Commonwealth v. Waters**, 418 A.2d 312, 318-19 (Pa. 1980), we must proceed in discussion and analysis given the need to determine if the trial court's *sua sponte* quashal of the information was proper.

Because no evidence was presented at the suppression hearing and there were no factual findings following the hearing, the dispute in this case involves purely questions of law. Our standard of reviewing a trial court's judgment to quash a criminal information is as follows:

> The decision to grant a motion to quash a criminal information or indictment is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion.
>
> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.

> Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or rules in a manner lacking reason.

**Commonwealth v. Finley**, 860 A.2d 132, 135 (Pa. Super. 2004) (internal citations, quotations, and original brackets omitted).

At the outset, we note the trial court inexplicably applied an outdated factual impossibility doctrine as a rationale to quash the information and determined that the Commonwealth failed to state a *prima facie* case. Appellee maintains that his criminal information was properly quashed because "the law requires communication with a child and there was no communication with a child." Appellee's Br. at 6. For the reasons that follow, we disagree with both.

The trial court engaged in numerous errors. For example, the trial court's application of a factual impossibility defense is not in conformity with the law. The defense of factual impossibility has been unavailable in Pennsylvania for decades. **See Commonwealth v. Henley**, 459 A.2d 365, 366 (Pa. Super. 1983).

A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). Our Supreme Court has explained:

> Our Crimes Code is clear in defining the two (2) elements of the offense of attempt by providing: (1) that the actor intend to commit an offense; and (2) that the actor take a substantial step toward completion of the offense. **The Code then specifically**

- 9 -

*provides that impossibility is not a defense if the completed offense could have occurred had the circumstances been as the accused apprehended them to be.* Read as a whole, the provisions of Section 901(a) and (b) of our Crimes Code parallel the provisions of the Model Penal Code and other states' crimes codes (which are all based on the provisions of the Model Penal Code) in their intent if not in their terminology.

Those sections have all been interpreted as eliminating the defense of legal impossibility because of statutory language to the effect that *impossibility (factual or legal) is not a defense if the completed offense could have occurred had the circumstances been as the accused believed them to be*. Our Code's provisions are strikingly similar except that our statute speaks to the accused's misapprehension.

The choice in terminology between "beliefs" and "misapprehensions," however, is of no consequence since both terms would require the actor mentally or intellectually to perceive, comprehend, or accept a reality, phenomenon, or set of occurrences without regard to actual extrinsic circumstances. The use of either term then is interchangeable, and the Legislature could just as easily have used words referring to the actor's "beliefs" instead of his "apprehensions" or "misapprehensions" of the circumstances.

*Henley*, 474 A.2d at 1118 (emphasis added).

Here, the Commonwealth alleged that if Mr. Harris had been a fifteen-year-old boy as Appellee perceived, Appellee would have committed the offense of Corruption of Minors. Because there was no minor involved, the Commonwealth instead charged Appellee with Attempted Corruption of Minors. Accordingly, the trial court erred using the doctrine of factual impossibility.

Further, the trial court erred in dismissing the entire criminal prosecution with prejudice by *sua sponte* quashing the information. As

discussed above, Appellee filed a baseless suppression motion which the trial court improperly granted.

While Appellee's intention may have been to seek quashal, Appellee did not file a motion to quash. Nonetheless, the trial court's order purports to grant "Defendant's motion to suppress/quash"—a motion which was never filed by Appellee. Tr. Ct. Order, 11/15/23, at 1. The trial court inappropriately used the suppression motion as a vehicle to determine that Appellee could not be guilty of any crimes based on the conduct alleged.

We find this Court's decision in **Commonwealth v. Shaffer**, 557 A.2d 1106 (Pa. Super. 1989), to be instructive. In **Shaffer**, we stated that:

> A motion to quash is an appropriate means for raising defects apparent on the face of the information or other defects which would prevent prosecution. It is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence. Neither the adequacy nor competency of the Commonwealth's evidence can be tested by a motion to quash the information.

**Id.** at 1106-07 (citations omitted). Thus, we held that the trial court had erred in using a motion to quash as a means of determining guilt and acquitting the defendant. **See id**.

Here, although the Appellee may have intended to challenge a defect on the face of the information in his motion, he failed to do so. Nonetheless, the trial court concluded,

> In the case before the [c]ourt, the Defendant is charged with criminal attempt of corruption of minors, which requires any act that corrupts or tends to corrupt the morals of any minor less than 18 years of age. Here, the Defendant was communicating with an

- 11 -

> adult over the age of 18, which creates an impossibility of committing the crime charged. This results in defects apparent on the face of the information or other defects that would prevent prosecution. As such, we are constrained to quash counts 1 and 3 of the Criminal Information. In regard to count 2, Criminal Use of a Communication Facility, . . . if the underlying charge in which the communication facility was used is impossible of being committed or attempted, we find that the charge must be quashed.

Tr. Ct. Op., 11/15/24, at 4-5.

This was error. The sole question before the trial court at the suppression stage was whether the challenged evidence was legally obtained or if it was obtained in violation of the accused's constitutional rights and thus inadmissible. Even with the understanding that the trial court improperly construed Appellee's motion as a motion to quash/dismiss, the sole question before the trial court at this stage would have been whether there were "defects apparent on the face of the information or other defects which would prevent prosecution." *Id.* at 1106.

By quashing the information based on (1) factual impossibility and (2) the conclusion that Appellee's conduct cannot constitute any crime—whether "committed or attempted,"—the trial court erred and abused its discretion. *See Commonwealth v. Moser*, 476 A.2d 980, 982 (Pa. Super. 1984) ("The trial court's quash of the information was improper because its rationale for doing so was more a judgment of the Commonwealth's evidence than a determination of the validity of the information."). Therefore, the charges must be reinstated.

Next, we discuss Appellee's argument that no crime was committed because an element of the crime charged is missing. Interestingly, Appellee focuses much of his argument on 18 Pa.C.S.A. § 6318, the Unlawful Contact with Minors statute. *See* Appellee's Br. at 4-10, 12-14. He mentions Section 6318 approximately a dozen times in the argument section of his brief. *Id*. That offense requires evidence proving that the defendant (1) was intentionally in contact or communication with a minor or a law enforcement officer who assumed the identity of a minor and (2) for the purpose of engaging in a Chapter 31 offense. *Commonwealth v. Aikens*, 168 A.3d 137, 138-39 (Pa. 2017). Appellee argues that his criminal information was properly quashed because "the law requires communication with a child and there was no communication with a child." Appellee's Br. at 6. Appellee is incorrect because *Appellee was not charged with Section 6318*. There is no element of any offense under which Appellee was charged that requires communication with a child.

Appellee was charged with Criminal Attempt: Corruption of Minors (as both a misdemeanor and a felony under the following two subsections). One is guilty of attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A. § 901(a). The Corruption of Minors statute provides:

> (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the

commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1). Astonishingly, Appellee only mentions this statute twice in his brief. *See* Appellee's Br. at 10, 14.

This Court has expounded on the definition of Corruption of Minors, holding, "[actions that] would offend the common sense of the community and the sense of decency, propriety and morality, which most people entertain," are those which shall be considered corrupting a minor. *Commonwealth v. Pankraz*, 554 A.2d 974, 977 (Pa. Super. 1989), quoting *Commonwealth v. Randall*, 133 A.2d 276 (Pa. Super. 1957). Notably, there is no requirement that the Commonwealth prove Appellee actually corrupted the morals of a minor; the act or course of conduct need merely "tend[] to corrupt the morals of any minor." *Mumma*, 414 A.2d at 1030 (citing *Commonwealth v. Davison*, 364 A.2d 425, 426 n.1 (Pa. Super. 1976)).

Thus, as a misdemeanor, the statutory elements of Criminal Attempt: Corruption of Minors are satisfied when the defendant (1) was over 18, (2) had the intent to engage in an act, (3) that corrupts or tends to corrupt a minor, and (4) did an act that constitutes a substantial step toward committing the underlying crime. *Mumma, supra*; *Commonwealth v. Crabill*, 926 A.2d

488, 491 (Pa. Super. 2007). None of these elements require a minor child or a police officer posing as a child.

As a felony, the statutory elements of Criminal Attempt: Corruption of Minors are satisfied when a defendant (1) was over 18, (2) had the intent to engage in a course of conduct in violation of Chapter 31, (3) that corrupts or tends to corrupt a minor, and (4) committed an act that constitutes a substantial step toward committing the crime. ***Commonwealth v. Sampolski***, 89 A.3d 1287, 1289 (Pa. Super. 2014); ***Commonwealth v. Baker-Myers***, 255 A.3d 223, 235 (Pa. 2021). None of these elements require a minor child or a police officer posing as a child.

Third, Appellee was charged with Criminal Use of a Communication Facility. This crime occurs when a person "uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony." 18 Pa.C.S.A. § 7512(a). "'Communication facility' means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone[s]…" § 7512(c). The Commonwealth must prove beyond a reasonable doubt that (1) a defendant knowingly and intentionally used a communication facility, (2) with the intent to commit, cause, or facilitate an attempted underlying felony, and (3) the underlying felony was attempted or committed. ***Commonwealth***

*v. Moss*, 852 A.2d 374, 382 (Pa. Super. 2004). None of these elements require a minor child or a police officer posing as a child.

Accordingly, we reject Appellee's contention that any of the offenses with which he was charged require the element of a minor or law enforcement officer posing as a minor. Appellee urges this Court to interpret the Corruption of Minors statute to include such an element because of language that the legislature added to a different statute. *See* Appellee's Br. at 8. In 2006, the Unlawful Contact with Minors statute was amended to specifically include language indicating that the communication be with either a minor or "a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor." *Id.* (citing 18 Pa.C.S.A. § 6318(a)(1)). Appellee argues that the Corruption of Minors statute should be interpreted as if it too was amended to include such language.

"[W]here the language of a statute is clear and unambiguous, a court may not add matters the legislature saw fit not to include under the guise of construction." *Mohamed v. Com., Dep't of Transp., Bureau of Motor Vehicles*, 40 A.3d 1186, 1194-95 (Pa. 2012) (quoting *Commonwealth v. Tarbert*, 535 A.2d 1035, 1044 (Pa. 1987)). Our Supreme Court has emphasized that our courts "must not overlabor to detect or manufacture ambiguity where there is none." *Sivick v. State Ethics Comm'n*, 238 A.3d 1250, 1264 (Pa. 2020). It is well-established that "[w]here the legislature includes specific language in one section of the statute and excludes it from

another, the language should not be implied where excluded." ***Commonwealth v. Johnson***, 125 A.3d 822, 831 (Pa. Super. 2015) (citations omitted). We decline Appellee's invitation to add omitted language to an unambiguous statute.

Finally, although not mentioned prior to appeal, the trial court *sua sponte* concluded for the first time in its 1925(a) opinion that the Commonwealth failed to establish a *prima facie* case. As discussed above, although the Appellee may have intended to challenge the sufficiency of the Commonwealth's evidence in his motion, he did not. Curiously, the trial court concluded in its 1925(a) opinion,

> We now state that the Commonwealth failed to establish a *prima facie* case with regard to each of the material elements of the charge of Attempted Corruption of Minors and failed to establish sufficient probable cause that the accused committed this offense. Similarly, we find that the Commonwealth failed to establish a *prima facie* case with regard to the charge of Criminal Use of a Communication Facility.

Tr. Ct. Op. at 1-2.

We note that our standard of review for an order dismissing a criminal charge, based on the sufficiency of the evidence establishing a *prima facie* case, is as follows:

> It is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary. The trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial *prima facie* burden to make out the elements of a charged crime. Therefore, we are not bound by the legal determinations of the trial court.

***Commonwealth v. Ouch***, 199 A.3d at 918, 923 (Pa. Super. 2018) (internal

citations, quotations, and brackets omitted). As we have explained previously:

> The Commonwealth establishes a *prima facie* case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. The Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged. Moreover, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case.

***Commonwealth v. Marti***, 779 A.2d 1177, 1180 (Pa. Super. 2011) (internal

citations and quotations omitted).

The trial court's *sua sponte* conclusion that the Commonwealth failed to

establish a *prima facie* case runs afoul of this Court's decision in ***Shaffer,***

***supra***. The trial court's use of a motion to suppress—construed as a motion

to quash—as a means of attacking the sufficiency and competency of the

Commonwealth's evidence was in error. Further, no preliminary hearing has

been held in this matter for the Commonwealth to present its evidence.

To be clear: we would find that the Commonwealth did produce evidence

for each element of the offenses charged. In the interest of brevity, we will

not repeat the statues and elements of each of the crimes with which Appellee

was charged as they are stated above.

Regarding Criminal Attempt: Corruption of Minors (M), the Commonwealth set forth evidence that Appellee was over 18 years old, Appellee intended to meet with a fifteen-year-old boy for sex, and that providing his address to meet up with the perceived minor was a substantial step. Regarding Criminal Attempt: Corruption of Minors (F), the Commonwealth set forth evidence that Appellee was over 18 years old, intended to meet with a fifteen-year-old boy for sex, that continuing to send sexual messages and images and asking to be "fuck friends" established a course of conduct in violation of Chapter 31, and that providing his address to meet up with the perceived minor constitutes a substantial step.[2] Regarding Criminal Use of a Communication Facility, the Commonwealth set forth evidence that Appellee knowingly and intentionally used his phone/computer with the dating app, Grindr, to intentionally facilitate the corruption of a minor through a course of conduct in violation of Chapter 31, and that the underlying felony, Criminal Attempt: Corruption of Minors, occurred. Accordingly, the trial court's *sua sponte* conclusion that the Commonwealth failed to set forth a *prima facia* case must be disregarded.

In conclusion, the trial court erred in granting Appellee's pre-trial motion, quashing the information, and concluding that the Commonwealth failed to establish *a prima facie* case. None of the crimes with which Appellee

_____

[2] "The Commonwealth is not required to formally charge or secure a conviction for a predicate Chapter 31 offense[.]" **Baker-Myers**, 255 A.3d at 235.

was charged require the element of a minor or a police officer. Appellee's charges are reinstated. The trial court's November 15, 2024, order granting Appellee's pre-trial motion is reversed.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2025