J-S34037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ERNEST LUKSIK | : | No. 329 MDA 2021 |

Appeal from the Order Entered February 11, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005712-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED APRIL 01, 2022**

The Commonwealth appeals from the order entered in the Dauphin County Court of Common Pleas dismissing some charges, pertaining to two victims, against James Ernest Luksik (Appellee).[1]  The Commonwealth challenges the trial court's conclusion that it did not establish a *prima facie* case for one count each of indecent assault without consent, indecent assault (victim under 16 years), and harassment, and two counts each of institutional

---

[1] The Commonwealth averred the trial court's order is appealable because it "will terminate or substantially handicap the prosecution" pursuant to Pa.R.A.P. 311(d) ("[T]he Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.").  Commonwealth's Notice of Appeal, 3/17/21.

sexual assault (schools) and corruption of minors.[2]  After careful review, we affirm.

Appellee was 67 years old at the time of the alleged underlying incidents.  *See* Criminal Docket, 5/3/21, at 2.  The underlying facts and procedural history of the case are as follows:

On March 25, 2019, [Appellee] was a teacher at Bishop Carroll [H]igh [S]chool in Ebensberg, PA.  On that date, [Appellee] chaperoned a group of ninth grade students during a tour of the [capitol] building in Harrisburg, PA.  During this trip, it is alleged by the Commonwealth that [Appellee] touched the backside area of two of the [minor] students, K.L. and H.H.

On August 12, 2019, [Appellee] was charged with [the same five[3]] criminal counts as to [each alleged victim]: 1) [Institutional Sexual Assault (Schools)]; [2]) Corruption of Minors; [3]) Indecent Assault; [4]) Indecent Assault Person Less than 16 Years [of] Age; and [5]) a summary charge of Harassment.

Following a November 8, 2019[,] Preliminary Hearing [ ], at which none of the alleged victims testified, all [of the above listed] charges . . . were bound over for trial as to both of the alleged victims.

After [Appellee's] preliminary hearing . . . , but before [his] trial [ ], the Pennsylvania Supreme Court handed down a ruling . . . that hearsay evidence alone cannot be used to establish all elements of all crimes for the purpose of establishing a *prima facie* case [ ] at a preliminary hearing.  ***Commonwealth v.***

_____

[2] 18 Pa.C.S. §§ 3126(a)(1), (a)(8), 2709(a)(1), 3124.2(a.2)(1), 6301(a)(1)(ii), respectively.  We note the trial court referred to the institutional sexual assault (schools) offenses as "sexual contact with a student."

[3] The Commonwealth also charged Appellee with two counts of unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1).  However, the trial court dismissed both of these counts after the preliminary hearing.  The Commonwealth raises no challenge concerning these two counts.

> *McClelland*, 233 A.3d 717,734 (Pa. 2020). Given this ruling, and the fact that the Commonwealth's *prima facie* case against [Appellee] had been solely based on hearsay, [Appellee] filed an Omnibus Pretrial Motion in the nature of a habeas corpus Petition, seeking to dismiss the charges against him.

Trial Ct. Op., 4/20/21, at 1-2 (footnotes omitted and paragraph break inserted).

On January 27, 2021, the trial court held a hearing, allowing the Commonwealth to supplement the record with K.L.'s and H.H.'s testimony. Both girls were 17 years old at the time of the hearing. K.L. testified that on March 25, 2019, she was in the 9th grade at Bishop Carroll High School where Appellee was her teacher. N.T., *McClelland* H'rg, 1/27/21, at 26-27. On that day, K.L. attended a field trip to the Harrisburg Capitol Building. *Id.* at 27. Initially, on direct examination, K.L. stated Appellee "accidentally brushed up" against her "low back, kind of like toward [her] butt[.]" *Id.* at 29. The contact lasted "not even [2] seconds[.]" *Id.* at 32. K.L. "didn't think it was a big deal" and again stated it was an "accident." *Id.* at 29.

However, on cross examination, K.L. said at the time of the incident, she "thought it was [her] brother behind her," but "once she told somebody, they were . . . trying to make it sound like it was [Appellee]." N.T., *McClelland* H'rg, at 33. K.L.'s "friends made [her] think it was [Appellee.]" *Id.* at 39. Prior to this conversation with classmates, K.L. did not think Appellee had been the one to "brush" up against her. *Id.* at 33. Ultimately, K.L. testified she did not know who touched her. *Id.* at 34 (in response to Appellee's counsel asking if it was "possible that it was actually" K.L.'s brother

who touched her, she responded, "I don't know," several times and "Yeah, maybe."), 39 (responding she "wasn't sure" if Appellee touched her), 41 (stating "it might not have been [Appellee]. It could have been someone else. But how do I know[?]").

K.L. further testified that after the field trip, Brandy Eckly questioned her about the incident.[4] N.T., **McClelland** H'rg, at 34. K.L. felt pressured by Eckly "when [she was] being asked about what happened[.]" **Id.** at 36. K.L. described,

> I kind [of] felt like pressured that I should say that more than like what I even thought was, like, kind of bad. I didn't think it was bad at all, but I felt like the first time at school when [Eckly] talked to us that I should have, like, made it sound bad kind of[. sic]

**Id.**

K.L. also testified she participated in an interview at the Child Advocacy Center. N.T., **McClelland** H'rg, at 36. During this interview, K.L. stated that she did not "know exactly" where she was touched because "people just always go like that to [her. sic]" **Id.** at 37. During the hearing, she explained, "[P]eople accidentally brush up against me. That's what I meant for that. Like at home, at school, like when I did have a job[,]" and what she experienced that day "was just kind of what [she] experienced [with a]nybody else." **Id.** at 38.

---

[4] It is not apparent from the testimony whether Eckly is a Bishop Carroll High School employee, nor when Eckly questioned K.L. regarding the incident.

H.H. testified that on March 25, 2019, she was also in the 9th grade at Bishop Carroll High School where Appellee was her teacher. N.T., ***McClelland*** H'rg, at 5, 7. H.H. stated that at school, Appellee would make "weird jokes" about "hot blonds[,] tight sweaters[,] tight skirts[,] and short skirts . . . that all the girls [at her school] were creeped out by." [sic]. ***Id.*** at 8. During the field trip to the Capitol Building, H.H. was "just walking through [the building] and [Appellee] was telling [the students] to move on and tapped [H.H.'s] butt" for "a second" while she walked by him. ***Id.*** at 11-12, 16. After the incident, H.H. told her friend what happened. H.H. stated that, generally, "everyone was just kind of bothered by" Appellee's behavior that day. ***Id.*** at 9. "Everywhere [H.H. and her friends] looked[, Appellee] was there." ***Id.*** While H.H. "didn't think that was weird" at first, after speaking to her friends, she thought "[e]veryone felt [uncomfortable] and awkward that day." ***Id.***

On February 11, 2021, the trial court dismissed all five charges that pertained to K.L.: indecent assault without consent, indecent assault (victim under 16 years), harassment, institutional sexual assault (schools), and corruption of minors. With respect to H.H., the trial court dismissed the charges of institutional sexual assault (schools) and corruption of minors, finding "the Commonwealth [ ] failed to set forth a *prima facie* case[.]" Order, 2/11/21. However, the trial court held over for trial the remaining charges with respect to H.H.: indecent assault without consent, indecent assault (victim under 16 years), and harassment. The Commonwealth filed this

appeal and timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[5]

The Commonwealth raises the following issue on appeal:

Whether the trial court erred in granting Appellee's petition for writ of *habeas corpus* where the Commonwealth presented sufficient evidence to establish a *prima facie* case to support all charges?[6]

Commonwealth's Brief at 5 (capitalization omitted).

_____

[5] Although the trial court dismissed five charges with respect to one victim, and three charges against a second victim, the Commonwealth's Rule 1925(b) statement was broad and vague:

This Honorable Court erred in granting Appellee's Petition for Writ of *Habeas Corpus* where the Commonwealth presented sufficient evidence to establish a prima facie case to support all charges.

*See* Commonwealth's Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 4/5/21. The statement did not identify any of the dismissed counts, let alone any particular element of the offenses.

We remind the Commonwealth that when raising claims on appeal, it must set forth the issues with "sufficient detail." *See* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."). ***See also Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (to preserve a claim that the evidence was insufficient, the Pa.R.A.P. 1925(b) statement must specify the element(s) upon which the evidence was insufficient, so that this Court can analyze that element; where a Rule 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived for appeal).

[6] The trial court did not specify in its February 11, 2021, order that it was "granting" Appellee's habeas corpus petition. Order, 2/11/21. Nevertheless, this order ultimately gave Appellee some of the requested relief by dismissing some of the charges. ***Id.***

The Commonwealth argues the trial court erred in finding it did not establish a *prima facie* case regarding each of the dismissed charges: one count each of indecent assault without consent, indecent assault (victim under 16 years), and harassment, and two counts each of institutional sexual assault (schools) and corruption of minors. The Commonwealth maintains K.L.'s and H.H.'s testimony showed that when they were 15 years old, Appellee, their teacher, "touched both of their butts." Commonwealth's Brief at 18. The Commonwealth insists it proved Appellee's "intent to arouse or gratify his sexual desire . . . circumstantially through [testimony that he] has made sexually explicit and inappropriate jokes to minor students.[7]" ***Id.*** We conclude no relief is due.

Our standard of review of pre-trial *habeas corpus* petitions is limited:

> We review a decision to grant a pre-trial petition for a writ of *habeas corpus* by examining the evidence and reasonable inferences derived therefrom in a light most favorable to the Commonwealth. In ***Commonwealth v. Karetny***, [ ] 880 A.2d 505 (Pa. 2005), our Supreme Court found that this Court erred in applying an abuse of discretion standard in considering a pre-trial *habeas* matter to determine whether the Commonwealth had provided *prima facie* evidence. The ***Karetny*** Court opined, "the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." ***Id.*** at 513[.] The [ ] Court in ***Karetny*** continued, "[i]ndeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the

---

[7] The Commonwealth also argues it presented circumstantial evidence that Appellee "inappropriately touched other minor students" and "indicated [ ] that he is attracted to them[.]" Commonwealth Brief's at 18. However, our review of the ***McClelland*** hearing testimony leads to a different conclusion.

- 7 -

Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime." [***Id.***] at 513. Hence, we are not bound by the legal determinations of the trial court. . . .

A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case. "To demonstrate that a *prima facie* case exists, the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." To "meet its burden, the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof."

***Commonwealth v. Dantzler***, 135 A.3d 1109, 1111-12 (Pa. Super. 2016)

(*en banc*) (some citations omitted).

The charges against Appellee are defined as follows:

**§ 3126. Indecent assault.**

**(a) Offense defined —** A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

**(1)** the person does so without the complainant's consent;

\* \* \*

**(8)** the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S. § 3126(a)(1), (8).

**§ 2709. Harassment.**

**(a) Offense defined —** A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

> **(1)** strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

18 Pa.C.S. § 2709(a)(1).

> ### § 3124.2. Institutional sexual assault.
>
> **(a.2)** Schools.
>
> > **(1)** [A] person who is a volunteer or an employee of a school or any other person who has direct contact with a student at a school commits a felony of the third degree when he engages in sexual intercourse, deviate sexual intercourse or indecent contact with a student of the school.

18 Pa.C.S. § 3124.2(a.2)(1).

> ### § 6301. Corruption of minors.
>
> **(a)** Offense defined
>
> > \* \* \*
>
> > **(ii)** Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. § 6301(a)(1)(ii).

We agree with the trial court's conclusion that, regarding K.L., the Commonwealth did not establish a *prima facie* case "that a crime had been committed" or that Appellee was the perpetrator.  **See** Trial Ct. Op. at 4. Although K.L. initially stated on direct examination that Appellee touched her, she conceded, several times, that she did not know who touched her, and furthermore, she believed any contact to be an "accident."  N.T., **McClelland** H'rg, at 29, 34, 38-39, 41.  After the incident, K.L. felt "pressured" by Eckly

and was "persuaded" by fellow students to say Appellee touched her. *Id.* at 33, 36, 39; *see* Trial Ct. Op. at 3. Even considering the testimony in the "light most favorable to the Commonwealth[,]" the evidence did not establish each element of the charged offenses, nor did it demonstrate Appellee's "complicity therein." *See Dantzler*, 135 A.3d at 1111-12.

Regarding the charges pertaining to H.H., we agree with the trial court's determination that the Commonwealth did not establish a *prima facie* case for institutional sexual assault (schools) or corruption of minors. The trial court reasoned:

> H.H. clearly testified that [Appellee] tapped her on the butt. As such, there was evidence to support some of the charges against [him] with respect to H.H. However, the evidence showed that this was a momentary tap on the butt that only lasted for a second. It cannot be said that such a momentary contact would tend to corrupt the morals of H.H. It also cannot be said that such a momentary contact constitutes a felony. . . .

Trial Ct. Op. at 4 (footnotes omitted). This determination is supported by the evidence. The Commonwealth did not present "evidence of every material element of the [dismissed] offense(s) [or Appellee's] complicity therein." *See Dantzler*, 135 A.3d at 1112 (citation omitted). We agree with the trial court's conclusion that "such a momentary contact" does not establish institutional sexual assault (schools) or corruption of minors. Trial Ct. Op. at 4.

Lastly, we note that in Appellee's brief, he raises arguments concerning the admissibility of hearsay and Pa.R.E. 404(b) evidence presented by the Commonwealth. Appellee's Brief at 10-22. Appellee did not file a cross-appeal, and thus, we are without jurisdiction to address these claims. *See*

*Commonwealth v. Moser*, 476 A.2d 980, 982 (Pa. Super. 1984) (this Court lacks jurisdiction to address additional claims from an appellee where they did not file a cross-appeal).

We agree with the trial court's determination that the Commonwealth failed to establish, as a matter of law, the elements to the dismissed charges. Accordingly, no relief is due. We reiterate that with respect to H.H., the charges of indecent assault without consent, indecent assault (victim under 16 years), and harassment may proceed.

Order affirmed.

Judge Dubow has joined the Memorandum.

Judge McLaughlin files a Concurring/Dissenting Memorandum.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/01/2022