**TOWNSHIP OF NORTH FAYETTE, Appellee**

v.

**Marian GUYAUX, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 2009.

Filed March 31, 2010.

James R. Jeffries, Jr., Washington, for appellant.

Thomas P. McDermott, Pittsburgh, for appellee.

BEFORE: PANELLA, SHOGAN and COLVILLE *, JJ.

OPINION BY SHOGAN, J.:

¶ 1 Marian Guyaux ("Mrs. Guyaux") appeals from the order striking her appeal from a district court judgment entered in favor of the Township of North Fayette ("Township"). We affirm.

¶ 2 The Township filed a claim against Mrs. Guyaux in the district court on May 6, 2008, for unpaid invoices related to the Township's provision of residential garbage services to Mrs. Guyaux. Mrs. Guyaux did not answer the Magistrate Complaint or appear at the district court hearing on June 11, 2008; rather, her son Gary Guyaux appeared on her behalf.[1] The district justice entered judgment in favor of the Township and against Mrs. Guyaux in the amount of $2,004.50.

¶ 3 A notice of appeal from the district court judgment was filed in the Court of Common Pleas of Allegheny County on July 7, 2008. The notice of appeal identified Mrs. Guyaux as the appellant, but Gary Guyaux signed it. Record No. 1. The Township filed a complaint in arbitration on July 31, 2008. Record No. 2. An answer and new matter was filed, in which Mrs. Guyaux claims that she "has not generated any residential waste, since this dispute began in 1990, and hence owes no

---

* Retired Senior Judge assigned to the Superior Court.

1. According to the Township, the district justice "sustained the Township's objection to non-party Gary Guyaux's appearance at the hearing and to his purporting to defend against the claim in the absence of the Party Defendant, Marian Guyaux." Brief in Support of Motion to Strike Appeal, 10/14/08, at ¶ 4.

payments." Record No. 3, Answer and New Matter, 9/19/08, at ¶ 12. The answer and new matter coversheet indicated that Mrs. Guyaux was the party defendant, but Gary Guyaux verified the pleading.

¶ 4 Upon seeing Gary Guyaux's signature on the answer and new matter verification, the Township filed a Motion to Strike Appeal and Preliminary Objections in the Nature of Motion to Strike Answer. The Township claimed that Mrs. Guyaux did not file a timely appeal from the district court judgment. "Instead," the Township continued, "non-party Gary Guyaux purported to file an Appeal from the Judgment to the Court of Common Pleas." Record No. 4, Motion to Strike, 10/14/08, at ¶ 6. In asking that the appeal be stricken, the Township relied on Rule 1002 of the Pennsylvania Rules of Civil Procedure Governing Actions and Proceedings Before Magisterial District Judges ("Pa. R.C.P.M.D.J."), which provides that only "a party aggrieved by a judgment" may file an appeal with the court of common pleas. *Id.* at ¶¶ 10, 12. The Township further claimed that Mrs. Guyaux did not verify the answer and new matter; her non-party son did. In asking that the answer and new matter be stricken, the Township relied on Pa.R.C.P. 1024(c), which requires that "a pleading be verified by the party defendant, except where the party lacks sufficient knowledge of the facts or is out of the jurisdiction." *Id.* at ¶ 17. In response, Mrs. Guyaux executed a power of attorney in November of 2008,

formally allowing her son to act on her behalf in defending against the Township's litigation.

¶ 5 The trial court granted the Township's motion to strike the appeal, declining to give the power of attorney retroactive effect. Record No. 6. This appeal followed, in which Mrs. Guyaux raises two questions:

    I. Whether the lower court erred in striking a timely filed appeal from magistrate's judgment on the basis that the appeal was not filed by the proper party, when the appeal was filed by the son of the party, who had full authority and whose actions were otherwise ratified, as evidence by a subsequently executed power of attorney?

    II. Whether the municipality waived objections to the notice of appeal in filing a complaint in response to the rule for the appeal and subsequently seeking to object upon the later filing of an answer and new matter in response to the complaint?

Mrs. Guyaux's Brief at 3.

¶ 6 Mrs. Guyaux first argues that her son acted with full authority when he filed a timely appeal from the district court judgment on her behalf. In support of her argument, Mrs. Guyaux refers to a limited power of attorney ("POA") that she executed in the presence of a notary on November 10, 2008. Mrs. Guyaux's Brief at 4.[2] The limited POA reads, in relevant part, as follows:

---

2. We remind counsel for Mrs. Guyaux: "It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." *Fiore v. Oakwood Plaza Shopping Center, Inc.*, 401 Pa.Super. 446, 585 A.2d 1012, 1019 (1991). Although the limited POA appears in the reproduced record, it was not included in the

trial court docket entries or the certified record. Similarly, the pleadings that the Township claims Mrs. Guyaux filed in response to its motion to strike were not included in the docket entries or the certified record. *See* The Township's Brief at 5 (referring to a Motion to Amend Answer and a Response to Motion to Strike Appeal). Nevertheless, as a result of our informal inquiry, the record has been supplemented with Mrs. Guyaux's re-

I, Marian Guyaux of McDonald, North Fayette Township, Allegheny County, Pennsylvania, Commonwealth of Pennsylvania, 15057 do hereby appoint my son, Gary Guyaux, as my true and lawful Agent under Power of Attorney for me with full power to transact any business as noted below though I myself were acting.

This power is limited to the following:

To defend litigation at A.R. No. 08–9342 whereby Marian Guyaux was sued by North Fayette Township for claimed back municipal fees.

And I do hereby ratify and confirm all that my agent under power of attorney and substitute or successor **shall lawfully do, or cause to be done,** by virtue of this Power of Attorney.

Limited Litigation Power of Attorney, 11/10/08 (emphasis supplied).

¶ 7 According to the plain language emphasized above, the limited POA applies prospectively to defense of the Township's action by Mrs. Guyaux's agent, Gary Guyaux. The limited POA does not speak of ratifying past actions by Gary Guyaux with language such as "all that my agent under power of attorney and substitute or successor *has done or caused to be done.*" Therefore, the limited POA did not serve to authorize Gary Guyaux filing an appeal from the district court judgment on his mother's behalf.

¶ 8 Moreover, although there appear to be no Pennsylvania appellate decisions on point, the federal perspective on the issue at hand is clear: Mrs. Guyaux would have had to ratify her son's signing of the appeal notice before the appeal period ended.

*See Federal Election Commission v. NRA Political Victory Fund,* 513 U.S. 88, 115 S.Ct. 537, 130 L.Ed.2d 439 (1994) (holding that solicitor general's attempt to ratify FEC's filing after appeal period for filing a petition for certiorari had expired was too late to be effective); Restatement (Second) of Agency, § 90. Given that Mrs. Guyaux purportedly ratified her son's signature four months after the appeal period ended, the power of attorney did not have retroactive effect. *But see Trenton v. Fowler–Thorne Co.,* 57 N.J.Super. 196, 154 A.2d 369 (N.J.Super.App.Div.1959) (holding that passage of period of limitation prior to city's ratification of director's action did not vest contractor and surety with immunity from continuation of action because limitation defense was not raised until after ratification by city).

¶ 9 Next, Mrs. Guyaux argues that the Township waived any objection to the notice of appeal by filing a complaint. In response, the Township argues that this issue is waived because Mrs. Guyaux did not raise it below. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

¶ 10 Our review of the record indicates that Mrs. Guyaux's New Matter does not include a defense that the Township waived any objection to the appeal by filing a complaint. Answer and New Matter, 9/19/08. Similarly, Mrs. Guyaux's responsive pleadings to the Township's motion to strike do not include a waiver claim. Motion to Amend, 11/11/08; Defendant's Response, 11/11/08. Consequently, we agree with the Township that Mrs. Guyaux's second issue is waived.[3]

sponsive pleadings, both of which include the limited POA.

**3.** The trial court found that:

it may not have been apparent to [the Township] that it was Marian Guyaux's

son—and not Marian Guyaux—who was pursuing the appeal until his name appeared on the verification. The initial filing suggested that the appeal was taken by Marian Guyaux because only her name ap-

¶ 11 Based upon our review, we conclude that Mrs. Guyaux is not entitled to relief. Accordingly, we affirm the trial court's order striking her appeal from the district court judgment entered in favor of the Township.

¶ 12 Order affirmed.

peared on the coversheet. Furthermore, the signature on the Praecipe to Enter Rule to File a Complaint does not clearly identify the son as the person signing the Praecipe. Trial Court Opinion, 1/29/08, at 3. Upon review, we note that the record supports the trial court's factual finding that Gary Guyaux's name appears on the appeal; hence, its legal conclusion that Mrs. Guyaux, the aggrieved party, did not file a timely appeal is without error.