J-S33018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SERGEI KOVALEV | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| IRINA STEPANSKY, DMD, AND JOHN | : | No. 3484 EDA 2019 |
| I DOE | : | |

Appeal from the Order Entered November 25, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 191102324

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 23, 2020**

Sergei Kovalev (Appellant) appeals, *pro se*, from the order denying his petition to proceed *in forma pauperis* (IFP Petition) in his action against Irina Stepansky, DMD and John I. Doe.  Upon review, we reverse and remand for further proceedings.

On November 18, 2019, Appellant commenced this action by filing a *pro se* complaint against Irina Stepansky, a dentist, and her unnamed dental

---

[*] Former Justice specially assigned to the Superior Court.

assistant. Stepansky and her assistant had treated Appellant in 2015 for a chipped molar.[1] The complaint asserted numerous causes of action, including assault and battery, negligence, reckless endangerment, and false imprisonment.[2]

Also on November 18, 2019, Appellant filed a petition to proceed *in forma pauperis* (IFP Petition), asserting he lacked resources to pay the costs of litigation. According to Appellant, he earned no income and his only employment consisted of performing religious services for no compensation (aside from "basic life supporting expenses" like food and shelter).

Before filing the instant action, Appellant initiated three separate cases against the City of Philadelphia Board of Revision of Taxes. Appellant contested the tax rates and proposed market value concerning three separate real properties in Philadelphia purportedly owned by Appellant. Appellant

_____

[1] Prior to this suit, Appellant filed a separate action against Stepansky, as well as certain corporate entities allegedly associated with Stepansky's business. This Court affirmed the trial court's order dismissing Appellant's action and denying his request to file an amended complaint. *See **Kovalev v. Stepansky***, 224 A.3d 754 at **5, 8 (Pa. Super. 2019) (unpublished memorandum) (noting Appellant never filed a required certificate of merit in support of his claim of professional negligence), ***appeal denied***, 2020 Pa. LEXIS 3584 (Pa. 2020).

[2] Appellant's claims against Stepansky are not relevant to this appeal. Briefly, however, he alleges "[Irina] Stepansky tricked [Appellant] to come to her dental office under expectation of receiving a simple dental procedure limited only to one tooth. During what should be a simple dental office visit, [Appellant] was severely assaulted and battered by [Irina] Stepansky and by her assistant, when Stepansky falsely imprisoned [Appellant] by using chemical restraints." Complaint, 11/18/19, at ¶ 3.

asserted that these properties are owned and controlled by the religious institution he serves, not by him. ***See generally*** Appellant's Brief at 16-19.

In each of the three cases mentioned above (collectively, the "prior tax appeals"), Appellant filed petitions to proceed IFP (collectively, the "other IFP petitions"), each of which the trial court denied. This Court thereafter quashed Appellant's appeals, ruling that the orders were not final and appealable. ***See Kovalev v. Bd. of Revision***, 2898 EDA 2019 (Pa. Super. 2019) (unpublished order); ***Kovalev v. Bd. of Revision***, 2899 EDA 2019 (Pa. Super. 2019) (unpublished order); ***Kovalev v. Bd. of Revision***, 2900 EDA 2019 (Pa. Super. 2019) (unpublished order) (collectively, "***Kovalev Superior***"). The Pennsylvania Supreme Court subsequently granted allowance of appeal and vacated this Court's decisions. ***See Kovalev v. Bd. of Revision***, 2020 Pa. LEXIS 3667 (July 8, 2020) (*per curiam*); ***Kovalev v. Bd. of Revision***, 2020 Pa. LEXIS 3668 (July 8, 2020) (*per curiam*); ***Kovalev v. Bd. of Revision***, 2020 Pa. LEXIS 3669 (July 8, 2020) (*per curiam*) (collectively, "***Kovalev Supreme***").

By order entered in this case on November 25, 2019 (IFP Order), the trial court denied Appellant's IFP Petition, rejecting his claim of inadequate resources. The court based its ruling on evidence presented at a hearing on

September 23, 2019 (the "September IFP hearing"), which was *conducted in the prior tax appeals*. Appellant timely filed a *pro se* notice of appeal.[3]

In its Pa.R.A.P. 1925(a) opinion,[4] the trial court recommended that we quash the appeal as being taken from an unappealable, interlocutory order. **See** Trial Court Opinion, 12/23/19, at 2 (unnumbered) (citing the decisions in **Kovalev Superior**, and emphasizing that "the [IFP Petition] filed in the matter *sub judice* was nearly identical to the [other] petitions filed by [Appellant] in the prior tax appeal[s].").

We must first determine whether we have jurisdiction.[5] In one of the three issues Appellant raises on appeal, he contends, "the trial court abused its discretion when the court erroneously argued in its Pa.R.A.P. 1925(a) opinion that the order denying [the IFP] Petition is not final or appealable." Appellant's Brief at 5 (some capitalization omitted). We agree.

It is well-established that orders denying *in forma pauperis* status are final and appealable. **See Roberts v. United States Dist. Court**, 339 U.S. 844 (1950) (*per curiam*); **Grant v. Blaine**, 868 A.2d 400, 402-03 (Pa. 2005)

---

[3] In December 2019, Appellant filed an Application to proceed IFP, which was deferred to this panel.

[4] The trial court did not order Appellant to file a Rule 1925(b) concise statement.

[5] This Court previously issued a rule upon Appellant to show cause whether the IFP Order was appealable or interlocutory; Appellant filed a timely response.

(citing **Roberts** and stating that such orders are appealable, as a "litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court."); **Amrhein v. Amrhein**, 903 A.2d 17, 19 (Pa. Super. 2006). Indeed, our High Court recently reversed this Court's jurisdictional determination to the contrary in connection with the prior tax appeals. **See Kovalev Supreme**, **supra**. Accordingly, the trial court in this case erred in finding jurisdiction lacking.

We next address the merits of Appellant's remaining two issues on appeal:

1. Whether the trial court abused its discretion when on November 22, 2019 (order docketed on November 25, 2019), it issued an order denying [the IFP] Petition of [Appellant], who was an indigent person and had the statutory and constitutional rights to access the court and to address his grievances[?]

2. Whether the trial court abused its discretion when[,] without evidentiary hearing[,] it denied on November 22, 2019 (order docketed on November 25, 2019) [the IFP Petition?]

Appellant's Brief at 5 (issues renumbered, some capitalization omitted).[6]

We address Appellant's issues simultaneously, mindful of our standard of review: "In reviewing a trial court's resolution of an application to proceed

---

[6] Appellant's brief fails to comply with Pa.R.A.P. 2119(a), as the argument section issue headings do not correspond with the issues Appellant sets forth in his statement of questions presented. However, we will overlook this defect. **See Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 942 (Pa. Super. 2006) (stating this Court is willing to liberally construe materials filed by a pro se litigant).

*in forma pauperis*, we reverse only if the court abused its discretion or committed an error of law." ***D.R.M. v. N.K.M.***, 153 A.3d 348, 350-51 (Pa. Super. 2016) (citation omitted).

The Pennsylvania Rules of Civil Procedure provide that a "party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*." Pa.R.C.P. 240(b). That party is required to file a petition and an affidavit describing in detail the inability to pay the costs of litigation. ***See*** Pa.R.C.P. 240(c), (h); ***see also*** Pa.R.A.P. 561 (governing IFP verified statement). In the instant case, Appellant complied with these rules.

Appellant argues that the trial court erred in denying the IFP Petition without conducting a separate hearing, and relying on the September IFP hearing conducted in the prior tax appeals. ***See*** Appellant's Brief at 13-17, 23-24. We agree.

This Court explained:

> [t]he mere filing of a praecipe for IFP status will not automatically establish the petitioner's right to proceed in that status. The court must satisfy itself of the truth of the averment of inability to pay. If it believes the petitioner's averments, there is no requirement that the court conduct an evidentiary hearing. The trial court has considerable discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis*. However, in making that determination, it must focus on whether the person can afford to pay and cannot reject allegations contained in an application without conducting a hearing.

***Amrhein***, 903 A.2d at 19-20 (citations omitted); ***see also Crosby Square Apts. v. Henson***, 666 A.2d 737, 739 (Pa. Super. 1995) (stating when a

petitioner avers a *prima facie* case of poverty and an inability to pay fees and costs, the trial court must hold a hearing before it may deny IFP status).

Here, the trial court based its denial of the IFP Petition **solely** on the evidence adduced at the September IFP hearing. **See** IFP Order, 11/25/19, at 1. Indeed, the court acknowledged that this hearing was conducted "in **other matters** involving [Appellant,]" *i.e.*, the prior tax appeals. **Id.** (emphasis added)). Importantly, the certified record **does not contain the transcript** from the September IFP hearing.[7] Nor did the trial court attach the transcript as an exhibit to the IFP Order, despite having explicitly referenced the September IFP hearing. **See, e.g., Hassel v. Franzi**, 207 A.3d 939, 950 n.1 (Pa. Super. 2019) ("for purposes of appellate review, what is not of record does not exist.").

Generally, it "is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." **Twp. of N. Fayette v. Guyaux**, 992 A.2d 904, 905 n.2 (Pa. Super. 2010), (citation omitted)). However, an appellant is not required to ensure that the record contains a transcript from an entirely **unrelated** docket; this is particularly the case where, as here, the trial court expressly referenced a transcript at a different docket in support of its ruling, but failed to ensure it

---

[7] Indeed, there is no hearing listed on the trial court's docket in this case.

was included in the record. Without the IFP transcript, we are unable to conduct a meaningful analysis of whether the trial court properly denied Appellant's IFP Petition. We have often emphasized the importance of having a complete record. **See, e.g., Commonwealth v. O'Black**, 897 A.2d 1234, 1238 (Pa. Super. 2006); **see also id.** (stating that "it is not the responsibility of this [C]ourt to obtain a copy of [a needed] transcript").

Accordingly, we are constrained to remand this matter for a hearing consistent with Pa.R.C.P. 240. From the hearing, the trial court should consider evidence of, *inter alia*, Appellant's income, assets, debts, dependents, and monthly expenditures as they pertain to the IFP Petition.[8] Finally, we deny Appellant's application for this Court to grant him IFP status.

Order reversed. Case remanded. Application to proceed IFP denied. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/23/2020*

---

[8] Although Appellant's IFP Petition made a *prima facie* showing of his inability to pay the costs of litigation, we remind Appellant of his obligation to present evidence supporting this claim at the hearing. **See Crosby Square Apts.**, *supra*.