J-A12005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELVIN W. SMITH BUILDING SYSTEMS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1158 WDA 2021 |
| BEDFORD COUNTY HUMANE SOCIETY | : | |

Appeal from the Order Entered September 3, 2021
In the Court of Common Pleas of Bedford County
Civil Division at 1030-2018

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 20, 2022**

Melvin W. Smith Building Systems, LLC (Appellant), appeals from the order granting the motion to compel discovery filed by Bedford County Humane Society (BCHS), in this action involving breach of contract.  Upon review, we remand for the trial court to file a supplemental Pa.R.A.P. 1925(a) opinion.

On October 2, 2018, Appellant filed a complaint against BCHS pleading breach of contract, unjust enrichment, and conversion.  Appellant claimed it entered into a contract with BCHS for Appellant to construct a building, and alleged BCHS breached the contract prior to Appellant's completion of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

building, causing Appellant to incur monetary damages of approximately $80,000. On October 22, 2018, BCHS filed an answer, new matter and counterclaim.

Following proceedings not relevant to this appeal, on March 8, 2021, BCHS sent Appellant interrogatories and a request for production of documents.[1] BCHS asked Appellant to produce, in pertinent part, "a complete copy of all business and personal tax returns, with all attachments and schedules, including federal, state and local [taxes], you filed for every year in which you worked on this project."[2] Interrogatories and Request for Production of Documents, 3/8/21, at 15 (unnumbered).

Appellant filed an answer and objections to BCHS's discovery requests

---

[1] This document is not in the certified record. However, BCHS attached a copy of the interrogatories and request for production of documents to an application BCHS filed with this Court. *See* Application to Quash Appeal, 11/19/21, Ex. B; *see also* N.T. (motion to compel discovery hearing), 8/24/21, at 3 (counsel submitting the March 8, 2021, document to the court).

[2] BCHS sought the personal tax returns of Appellant's owner, Melvin W. Smith (Smith or Mr. Smith). **Smith is not a party to this action**.

on May 13, 2021.[3]  Appellant objected to BCHS's request for tax documents, asserting:

> This request is not relevant to any claim or defense and therefore [is] beyond the scope of permissible discovery.  The request also seeks information that is protected information (bank account numbers, balances, social security numbers).

Appellant's Answer and Objections, 5/13/21, at ¶ 14 (**see** Appellant's Reproduced Record at 56(a)).

On June 7, 2021, BCHS filed a motion to compel discovery.  Regarding BCHS's request for documents related to Appellant's "business and personal tax returns," BCHS asserted:

> The documents requested are related to the damages claimed by [Appellant] and are therefore relevant.  The requests do not ask for sensitive information and any such information that exists on the documents could be redacted.

Motion to Compel Discovery, 6/7/21, at ¶ 13.

The trial court held a hearing on August 24, 2021.  By order entered September 3, 2021 (Discovery Order), the trial court granted BCHS's motion to compel discovery.  Regarding BCHS's request for Appellant's and Smith's

_____

[3] The answer and objections is not in the certified record.  However, Appellant included it in the reproduced record.  **But see Commonwealth v. Bracalielly**, 658 A.2d 755, 763 (Pa. 1995) ("appellate courts may only consider facts which have been duly certified in the record on appeal.  An item does not become part of the certified record by simply copying it and including it in the reproduced record." (citations omitted)); **see also Twp. of N. Fayette v. Guyaux**, 992 A.2d 904, 905 n.2 (Pa. Super. 2010) ("It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." (citation omitted)).

tax returns, the court ordered Appellant to produce the documents within 30 days.

Appellant timely filed a notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement, raising nine claims of trial court error. The court issued a brief Rule 1925(a) opinion, concluding its Discovery Order "disposed solely of discovery issues and, as such, was not a final order but rather an interlocutory one" that is not appealable. Trial Court Opinion, 12/17/21, at 1 (citing **Commonwealth v. Nicodemus**, 636 A.2d 1118, 1120 (Pa. Super. 1993) ("a final [o]rder is one which ends the litigation or disposes of the entire case.")). Accordingly, the trial court suggested this Court quash the appeal as interlocutory. **Id.** at 2.

On November 19, 2021, BCHS filed in this Court an application to quash, arguing the Discovery Order was not appealable because it was neither final nor collateral. **See generally** Application to Quash, 11/19/21; **see also In re Estate of Moskowitz**, 115 A.3d 372, 388 (Pa. Super. 2015) (explaining, under our Rules of Appellate Procedure, a party is only permitted to appeal from: "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory

order by permission (Pa.R.A.P. 312, 1322; 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." (citation omitted)).[4] BCHS asserted:

> Allowing appeals each time a party requests tax returns from the opposing party in breach of contract actions would result in the corrosion in the final order rule. Discovery requests for the tax returns of a party during relevant times of an action is common because it is often relevant. They are especially relevant when[, as in the instant case,] there is a claim for breach of contract in which a plaintiff claims a loss of income as a result of the breach. If this Court were to take a collateral appeal each time a party does not want to turn over tax returns in discovery, it would amount to a needless burden on the Court and cause undue delays of countless cases at the Common Pleas level.

Brief in Support of Application to Quash, 11/19/21, at 15 (unnumbered).

Appellant filed an answer to the application to quash on November 29, 2021, asserting that the Discovery Order is immediately appealable as a collateral order. On January 6, 2022, this Court denied BCHS's application to quash without prejudice to its right to raise the issue before the merits panel.

Appellant presents four issues for our consideration:

A. Is a discovery order compelling the disclosure of tax returns and tax information of a non-party to a lawsuit a collateral order, thus appealable as of right?

B. Is an order requiring a limited liability company to produce personal and business tax returns with related forms irrelevant to any claim or defense where they only relate to work that was completed and paid for in a claim for breach of contract seeking money damages; the work extended for two months in one year and three months in the second year; and the

---

[4] It is undisputed that the Discovery Order is not a final order, as it does not dispose of all claims and all parties. Appellant did not request or receive permission to appeal the Discovery Order pursuant to Pa.R.A.P. 312.

recoverable damages are the difference between the contract price and the reasonable cost of completion of the job?

C. Are the payroll expenses and documents for work that was completed and paid for irrelevant to any claim or defense where the recoverable damages are the difference between the contract price and the reasonable cost of completion and an accounting of the same an unreasonable burden to impose upon the contractor?

D. Is it an unreasonable burden to require a contactor to determine and identify what work was done and the cost of materials and labor between the payment of past draws that are not at issue where the recoverable damages are the difference between the remaining contract price and the reasonable cost of completion of the job?

Appellant's Brief at 2-3.

Appellant first argues the trial court erred in concluding the Discovery Order is not appealable as a collateral order.[5]  *Id.* at 10.  Conversely, BCHS requests quashal on the basis that the Discovery Order does not satisfy the collateral order doctrine.  BCHS Brief at 8 ("Allowing appeals each time a party requests tax returns from the opposing party in breach of contract actions would result in the corrosion of the final order rule.").

---

[5] Appellant did not present this issue in its Rule 1925(b) statement.  Ordinarily, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of [Rule 1925(b)] are waived."  Pa.R.A.P. 1925(b)(4)(vii). However, "[d]ue to the jurisdictional nature of the collateral order doctrine, [an appellate] Court … may raise it *sua sponte*."  ***Brooks v. Ewing Cole, Inc.***, 259 A.3d 359, 370 (Pa. 2021); ***see also Barak v. Karolizki***, 196 A.3d 208, 215 (Pa. Super. 2018) ("The question of appealability of an order goes directly to the jurisdiction of the Court asked to review the order." (citation omitted)).

"The appealability of an order under the Pa.R.A.P. 313 collateral order doctrine presents a question of law, over which our standard of review is *de novo* and our scope of review is plenary." **Brooks**, 259 A.3d at 365. "[I]n general, discovery orders are not final, and are therefore unappealable." **Jones v. Faust**, 852 A.2d 1201, 1203 (Pa. Super. 2004). However, Pa.R.A.P. 313(b) provides that appeals may be taken from collateral orders, *i.e.*, orders which are

> separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

**Id.**; **see also Meyer-Chatfield Corp. v. Bank Fin. Servs. Grp.**, 143 A.3d 930, 936 (Pa. Super. 2016) ("The collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right."). To satisfy the collateral order doctrine, an appellant must demonstrate the order:

> 1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost. The first prong, separability, occurs when we can address the issue surrounding the disputed order without analyzing the ultimate issue in the underlying case. As for the second prong, importance, it is not sufficient that the issue be important to the particular parties. Instead, the issue must involve rights deeply rooted in public policy going beyond the particular litigation at hand. We must interpret the collateral order doctrine narrowly, and each of the above prongs must be clearly present for us to deem an order collateral.

*Cabot Oil & Gas Corp. v. Speer*, 241 A.3d 1191, 1196-97 (Pa. Super. 2020) (citations omitted).

Here, Appellant argues all three prongs of the collateral order doctrine exist because:

> The trial court's order compelling the production of Mr. Smith's (**a nonparty**) personal income tax returns and related documents is a collateral order because whether those documents are discoverable is [a] separable question from the issues involved in the merits of the case, involves a recognized privacy right that is too important to be denied review, and the privacy of the documents will be irreparably lost if review is postponed until after final judgment.

Appellant's Brief at 8 (emphasis added). After careful consideration, we agree.

With respect to the first prong, separability, Appellant's claim of a recognized privacy right regarding its and Smith's tax return information is distinct from the underlying breach of contract claim. *See*, *e.g.*, *Speer*, 241 A.3d at 1197 (first prong of collateral order doctrine was met "because it is possible to address whether [a]ppellants' financial records are discoverable without analyzing the merits of [a]ppellees' actions against [a]ppellants under the Dragonetti Act or for tortious interference with contract."); *see also J.S. v. Whetzel*, 860 A.2d 1112, 1117 (Pa. Super. 2004) (in personal injury action, defendant's expert medical witness appealed court order requiring production of 1099 federal tax documents from any insurance company or attorney; we held that admissibility of the expert's tax documents "may be addressed without analyzing [defendant's] alleged negligence in the automobile accident.").

Appellant also met the second prong because the privacy interest in Appellant's and Smith's tax returns raises a sufficiently important public policy concern. *Speer*, 241 A.3d at 1197 ("[a]ppellants fulfill the second prong, importance, because they have a **significant privacy interest in their tax returns**." (emphasis added) (citing *Dougherty v. Heller*, 138 A.3d 611, 629 n.10 (Pa. 2016) (individuals have a "privacy interest in information contained in federal tax returns. … Such information is made confidential per federal statute.")); *see also J.S.*, 860 A.2d at 1117 (holding expert witness's "privacy interest in his income information raises a sufficiently important public policy concern.").

Finally, the third prong, irreparable loss, is met, as any privacy interest Appellant and Smith have in their respective tax returns will be forever lost if they comply with the Discovery Order and produce the documents. *J.S.*, 860 A.2d at 1117 (holding third prong was met where "[a]ny privacy interest [expert witness] may have in the [federal tax] forms will be irreparably violated if he complies with the order and produces the documents."); *see also Merithew v. Valentukonis*, 869 A.2d 1040, 1043 (Pa. Super. 2005) (holding third prong was met in motor vehicle accident case, where defendant's privacy interest in her financial worth would be irreparably lost if she complied with discovery order to disclose financial information instead of taking collateral order appeal). Accordingly, we conclude the Discovery Order

is a collateral order from which Appellant properly appeals. Thus, we examine Appellant's remaining issues.

In issues two, three and four, Appellant claims the trial court erred in entering the Discovery Order and improperly compelling Appellant's production of private information that is not relevant to the action. *See* Appellant's Brief at 8-9, 12-17. Appellant argues:

> This Court should reverse the trial court's [Discovery O]rder … because it requires the disclosure of information, [*i.e.*, business and personal tax returns,] that is not relevant to any claim or defense making it beyond the scope of discovery. The order should also be reversed because it imposes an unreasonable burden on [Appellant] in the form of an accounting and forensic investigation into matters that can be learned from records or are equally available to [BCHS].

*Id.* at 8; *see also id.* at 9 ("the court gave no consideration to the privacy interests of those required to disclose confidential tax returns and information.").

We are mindful that "on review of an order concerning discovery, an appellate court applies an abuse of discretion standard." *McNeil v. Jordan*, 894 A.2d 1260, 1268 (Pa. 2006); *see also Dougherty*, 138 A.3d at 629 (observing a "trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." (citation omitted)).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused.

*LSF8 Master Participation Tr. v. Petrosky*, 2022 PA Super 45, *4 (Pa. Super. 2022) (citation and brackets omitted).

The trial court in this case offered a conclusory, one-sentence merits analysis of Appellant's multiple claims, stating:

> In the event the appellate court finds [Appellant's] appeal should not be quashed, we … granted the Motion to Compel inasmuch as we found [BCHS's] request was reasonably calculated to lead to the discovery of admissible evidence, especially pertaining to the averred breach and damages in dispute.

Trial Court Opinion, 12/17/21, at 2 (italics omitted).

"It is incumbent upon a trial court to provide this Court with its Rule 1925(a) opinion addressing an appellant's issues, with citation to the record, to permit a meaningful and effective review of the issues raised and efficient use of judicial resources." *Commonwealth v. Widger*, 237 A.3d 1151, 1165 n.5 (Pa. Super. 2020). Instantly, to properly exercise our review, we require sufficient reasoning from the trial court before we can meaningfully address Appellant's issues. Where a trial court's failure to comply with Rule 1925(a) hampers our ability to conduct a meaningful review, the remedy is to remand the case to the trial court with instructions to prepare an opinion and return the case to this Court. *K-B Bldg. Co. v. Hermara Assocs.*, 709 A.2d 918, 919 (Pa. Super. 1998); *cf. Cooke v. Equitable Life Assur. Soc. of U.S*., 723 A.2d 723, 727 (Pa. Super. 1999) (remand for preparation and filing of Rule 1925(a) opinion unnecessary where lack of opinion did not hamper this Court's review of a question of law). Accordingly, we are constrained to

remand this case to the trial court for the issuance of supplemental Rule 1925(a) opinion within 60 days of this filing.

Case remanded with instructions. Jurisdiction retained.