J-A12005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELVIN W. SMITH BUILDING SYSTEMS, LLC | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| BEDFORD COUNTY HUMANE SOCIETY | : : | No. 1158 WDA 2021 |

Appeal from the Order Entered September 3, 2021
In the Court of Common Pleas of Bedford County
Civil Division at 1030-2018

BEFORE:   MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED: AUGUST 17, 2022**

Melvin W. Smith Building Systems, LLC (Appellant), appeals from the order granting the motion to compel discovery filed by Bedford County Humane Society (BCHS), in this action involving an alleged breach of contract. We affirm in part and reverse in part.

On October 2, 2018, Appellant filed a complaint against BCHS pleading breach of contract, unjust enrichment, and conversion.  Appellant, a general contracting company, claimed it had entered into a contract with BCHS in August 2017, for Appellant to construct a building for BCHS (the project).

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant alleged BCHS breached the contract prior to Appellant's completion of the project,[1] causing Appellant to incur monetary damages of approximately $80,000.

On October 22, 2018, BCHS filed an answer, new matter and counterclaim. BCHS denied breaching the contract and asserted, "[Appellant] would have received the sixth and seventh draws according to the draw schedule based upon [Appellant's] work completion status. [Appellant] had not reached the required target levels at the time" and ceased work on the project. Answer, 10/22/18, at ¶ 17; **see also id.** at ¶ 19 (claiming Appellant "had not substantially completed [its] obligations under the contract.").

Following proceedings not relevant to this appeal, on March 8, 2021, BCHS sent Appellant interrogatories and a request for production of documents.[2] BCHS asked Appellant to produce, in pertinent part, "a complete

---

[1] The parties' agreement provided that BCHS would pay Appellant in seven installments (or "draws") throughout the project. Appellant claimed BCHS's breach caused Appellant to incur as damages, (1) the cost of certain construction materials; and (2) "[l]oss of the sixth and seventh draws in the amount of … $76,000.00[.]" Complaint, 10/2/18, at ¶ 18(a).

[2] The document is not in the certified record. However, BCHS attached a copy of its interrogatories and request for production of documents to an application BCHS filed with this Court. **See** Application to Quash Appeal, 11/19/21, Ex. B; **see also** N.T. (motion to compel discovery hearing), 8/24/21, at 3 (counsel submitting the March 8, 2021, document to the court). Additionally, the trial court explained it was "limited in our discussion of this missing document[.]" Supplemental Opinion, 7/22/22, at 2.

copy of all business **and personal** tax returns,[3] … including federal, state and local [taxes], you filed for every year in which you worked on this project." Interrogatories and Request for Production of Documents, 3/8/21, at 15 (unnumbered) (emphasis and footnote 3 added). BCHS also sought copies of Appellant's Internal Revenue Service tax forms 1099 and W-2 (collectively, IRS forms), pertaining to Appellant's payments to employees and/or independent contractors involved in the project. *Id.*

Appellant filed an answer and objections to BCHS's discovery requests on May 13, 2021 (Discovery Answer).[4] Appellant objected to BCHS's request for tax documents and IRS forms, asserting:

> This request is not relevant to any claim or defense and therefore [is] beyond the scope of permissible discovery. The request also seeks information that is protected information (bank account numbers, balances, social security numbers).

Discovery Answer, 5/13/21, at ¶ 14 (**see** Appellant's Reproduced Record at 56(a)); **see also id.** at ¶ 15 (providing same).

---

[3] BCHS sought the personal tax returns of Appellant's owner, Melvin W. Smith (Mr. Smith). **Mr. Smith is not a party to this action**.

[4] The Discovery Answer is not in the certified record. However, Appellant included it in the reproduced record. **But see Commonwealth v. Bracalielly**, 658 A.2d 755, 763 (Pa. 1995) ("appellate courts may only consider facts which have been duly certified in the record on appeal. An item does not become part of the certified record by simply copying it and including it in the reproduced record." (citations omitted)); **see also Twp. of N. Fayette v. Guyaux**, 992 A.2d 904, 905 n.2 (Pa. Super. 2010) ("It is the obligation of the appellant to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal." (citation omitted)).

On June 7, 2021, BCHS filed a motion to compel discovery. Regarding BCHS's request for documents related to Appellant's "business and personal tax returns," BCHS asserted:

> The documents requested are related to the damages claimed by [Appellant] and are therefore relevant. The requests do not ask for sensitive information and any such information that exists on the documents could be redacted.

Motion to Compel Discovery, 6/7/21, at ¶ 13.

The trial court held a hearing on BCHS's motion to compel discovery on August 24, 2021. By order entered September 3, 2021 (Discovery Order), the trial court granted the motion to compel. Regarding BCHS's request for Appellant's and Mr. Smith's tax documents and IRS forms, the court ordered Appellant to produce the documents within 30 days.

Appellant timely filed a notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement, raising nine claims of trial court error. The court issued a brief Rule 1925(a) opinion, concluding its Discovery Order "disposed solely of discovery issues and, as such, was not a final order but rather an interlocutory one" that is not appealable. Trial Court Opinion, 12/17/21, at 1 (citing *Commonwealth v. Nicodemus*, 636 A.2d 1118, 1120 (Pa. Super. 1993) ("a final [o]rder is one which ends the litigation or disposes of the entire case.")). Accordingly, the trial court suggested this Court quash Appellant's appeal as interlocutory. *Id.* at 2.

On November 19, 2021, BCHS filed in this Court an application to quash, arguing the Discovery Order was not appealable because it was neither final

- 4 -

nor collateral. ***See generally*** Application to Quash, 11/19/21; ***see also In re Estate of Moskowitz***, 115 A.3d 372, 388 (Pa. Super. 2015) (explaining a party is only permitted to appeal from: "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1322; 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." (citation omitted)).[5]  BCHS asserted:

> Allowing appeals each time a party requests tax returns from the opposing party in breach of contract actions would result in the corrosion [of] the final order rule.  Discovery requests for the tax returns of a party during relevant times of an action is common because it is often relevant.  They are especially relevant when[, as in the instant case,] there is a claim for breach of contract in which a plaintiff claims a loss of income as a result of the breach. If this Court were to take a collateral appeal each time a party does not want to turn over tax returns in discovery, it would amount to a needless burden on the Court and cause undue delays of countless cases at the Common Pleas level.

Brief in Support of Application to Quash, 11/19/21, at 15 (unnumbered).

Appellant filed an answer to the application to quash on November 29, 2021, claiming the Discovery Order was immediately appealable as a collateral order.  On January 6, 2022, this Court denied BCHS's application to quash without prejudice to its right to raise the issue before the merits panel.

---

[5] It is undisputed that the Discovery Order is not a final order, as it does not dispose of all claims and all parties.  Also, Appellant did not request or receive permission to appeal the Discovery Order pursuant to Pa.R.A.P. 312.

On May 10, 2022, this panel considered oral argument from the parties with respect to Appellant's four issues on appeal:

1. Is a discovery order compelling the disclosure of tax returns and tax information of a non-party to a lawsuit a collateral order, thus appealable as of right?

2. Is an order requiring a limited liability company to produce personal and business tax returns with related forms irrelevant to any claim or defense where they only relate to work that was completed and paid for in a claim for breach of contract seeking money damages; the work extended for two months in one year and three months in the second year; and the recoverable damages are the difference between the contract price and the reasonable cost of completion of the job?

3. Are the payroll expenses and documents for work that was completed and paid for irrelevant to any claim or defense where the recoverable damages are the difference between the contract price and the reasonable cost of completion and an accounting of the same an unreasonable burden [*sic*] to impose upon the contractor?

4. Is it an unreasonable burden to require a contactor to determine and identify what work was done and the cost of materials and labor between the payment of past draws that are not at issue where the recoverable damages are the difference between the remaining contract price and the reasonable cost of completion of the job?

Appellant's Brief at 2-3 (issues renumbered).

On May 20, 2022, this panel issued a non-precedential memorandum. With respect to Appellant's first issue, we agreed with Appellant and held the Discovery Order was immediately appealable as a collateral order where, *inter alia*, BCHS sought discovery of private information from Mr. Smith, a non-party. *Melvin W. Smith Bldg. Sys., LLC v. Bedford Cnty. Humane Soc'y*, No. 1158 WDA 2021, 2022 WL 1594552 (Pa. Super. filed May 20, 2022)

(unpublished memorandum at *6-10). With respect to Appellant's remaining three issues, however, we were constrained to hold that the trial court's brief Pa.R.A.P. 1925(a) opinion was inadequate, and thus we were unable to meaningfully address these issues. *See id.* at *10-12. Accordingly, we remanded to the trial court, and retained jurisdiction for the preparation of a supplemental Pa.R.A.P. 1925(a) opinion. *Id.* at *12.

The trial court filed its supplemental opinion on July 22, 2022 (Supplemental Opinion). Accordingly, we address Appellant's second, third and fourth issues, mindful of our standard of review: "[O]n review of an order concerning discovery, an appellate court applies an abuse of discretion standard." *McNeil v. Jordan*, 894 A.2d 1260, 1268 (Pa. 2006).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused.

*LSF8 Master Participation Tr. v. Petrosky*, 271 A.3d 1288, 1291 (Pa. Super. 2022) (citation and brackets omitted).

We further observe,

> [t]he purpose of the discovery rules is to prevent surprise and unfairness and to allow a fair trial on the merits. Generally, **discovery is liberally allowed with respect to any matter, not privileged, which is *relevant* to the cause being tried**.

*Brandywine v. Brandywine Vill. Assocs.*, 260 A.3d 179, 195 (Pa. Super. 2021) (emphasis added; citations omitted); *see also* Pa.R.E. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the action."). It is settled that a "trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Dougherty v. Heller*, 138 A.3d 611, 629 (Pa. 2016) (citation omitted).

Pennsylvania Rule of Civil Procedure 4011(b), governing the limitation and scope of discovery, provides:

No discovery … shall be permitted which

(a) is sought in bad faith;

(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

(c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6;

….

(e) would require the making of an unreasonable investigation by the deponent or any party or witness.

*Id.*; *see also* Pa.R.C.P. 4003.1 (scope of discovery generally).

In its second issue, Appellant claims the trial court erred in entering the Discovery Order and improperly compelling Appellant's production of private information that is not relevant. *See* Appellant's Brief at 12-15. We first address Appellant's challenge as it pertains to discovery of Mr. Smith's personal tax returns. Appellant emphasizes that Mr. Smith is not a party to

the action, and his "personal tax returns have no relevance to any claim or defense in the case." *Id.* at 13.

The trial court, in its Supplemental Opinion, conceded error:

> [I]n regards to the personal tax returns of [Mr.] Smith, we agree with Appellant that we erred in ordering their production. Mr. Smith is not a named party to the action and we are unaware of any showing at this point that his personal tax returns would be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, it is our opinion that the portion of our [Discovery O]rder requiring the production of Mr. Smith's personal tax returns should be reversed.

Supplemental Opinion, 7/22/22, at 2 (footnote omitted). We agree, and therefore reverse the Discovery Order, in part, insofar as it implicates discovery of Mr. Smith's personal tax returns.

Appellant further claims in its second issue that the trial court erred in permitting discovery of its **business** tax returns. Appellant's Brief at 14-15; *see also id.* at 12 (stating Appellant "was prevented from completing the contract, and thus earning the last two draws, due to [BCHS's] repudiation of the contract."). Appellant asserts the "disclosure of tax returns would not produce any relevant information but only require the unnecessary disclosure of [Appellant's] financial information over a two-year period for work that occurred in two and three months of those years, respectively." *Id.* at 14.

The trial court rejected Appellant's claim in its Supplemental Opinion, cogently reasoning:

> **Appellant's tax returns are clearly relevant on the issue of damages**. In the Complaint, Appellant requests damages in the amount of $80,500.00, which is primarily the remaining draws

that were unpaid under the contract. Essentially, [Appellant] seeks an amount of damages as if the contract[, and the project,] had been completed. However, under basic contract law, [Appellant] cannot receive a windfall from a breached contract, and should only be placed in as good a position if the contract had not been breached.[6] **Since it appears that substantial work still was uncompleted at the time of the beach (regardless of which party was at fault), it follows that Appellant did not incur expenses that [it] would have had the [project] been completed**. Whether it be materials, subcontractors, or other expenses, **Appellant would not have received the remaining draws from BCHS without incurring further expenses**. And, **Appellant's tax returns would be relevant in demonstrating whether Appellant did, or did not, incur said expenses.**

Supplemental Opinion, 7/22/22, at 2-3 (emphasis and footnote 6 added). Our review discloses that the court's reasoning is supported by the record and the law. Thus, there is no merit to Appellant's claim that the court abused its discretion in permitting discovery of Appellant's business tax returns. **See Brandywine**, 260 A.3d at 195, **supra** (discovery is liberally allowed with respect to any relevant matter that is not privileged).

Appellant also argues in connection with its second issue that the trial court abused its discretion in "order[ing] the production of W-2 and 1099 [IRS] forms for payment to third parties relating to the project," where the IRS forms "do not contain relevant information because what [Appellant] paid its

_____

[6] The Pennsylvania Supreme Court has stated, "[g]enerally speaking, the measure of damages applicable in a case of breach of contract is that the aggrieved party should be placed as nearly as possible in the same position he would have occupied had there been no breach." **Harman v. Chambers**, 57 A.2d 842, 845 (Pa. 1948) (citing **Purdy v. Massey**, 159 A. 545, 547 (Pa. 1932)).

employees … for work that was completed and paid for is simply not relevant to any claim or defense in the case." Appellant's Brief at 15.

> BCHS counters it
>
> sought with this [discovery] request to determine whether [Appellant] was losing money on the [project] due to underbidding or mismanaging the funds. W-2s and 1099s, while perhaps not as targeted as BCHS would like because they include full-year income for the recipients instead of the income directly attributable to the [project], would serve to substantiate the truth of any information provided in the answer to BCHS's request for documents related to labor costs[.]

BCHS Brief at 12; *see also* BCHS's Answer, 10/22/18, at ¶ 17(b) & (d) (claiming Appellant misrepresented that it was "an experienced contractor, familiar with the bidding and building process," but thereafter "walked off the job," potentially due to underbidding).

In its Supplemental Opinion, the trial court rejected Appellant's claim, finding the IRS forms "to be relevant to the issue of damages[.]" Supplemental Opinion, 7/22/22, at 4; *see also id.* at 2-3, *supra*. The court found,

> [**p**]**erhaps more so than Appellant's tax returns, this information would be highly relevant as to what expenses Appellant did and did not incur at the time of the alleged breach**, and would thereby be necessary for calculation of damages.

*Id.* at 4 (emphasis added). We agree, and discern no abuse of the court's discretion in permitting discovery of Appellant's IRS forms. For the foregoing reasons, Appellant's second issue fails.

In its third issue, Appellant claims the trial court abused its discretion in ordering "the production of documents of [Appellant's] past labor costs and an accounting of them," where "such discovery is irrelevant to any claim or defense and requires an unduly burdensome investigation to be conducted[.]" Appellant's Brief at 15 (capitalization omitted); *see also id.* at 15-16 (claiming the court improperly "ordered [Appellant] to provide a copy of all checkbook le[d]gers, bank statements and cancelled checks evidencing any and all compensation paid to other individuals or entities regarding" the project). Appellant argues the "cost incurred by [Appellant] for work that was completed and paid for is not relevant to the computation of damages." *Id.* at 16.

BCHS argues that "documentation [of Appellant's] labor costs associated with [the project] … to determine whether [Appellant] was losing money on the job due to underbidding or mismanagement of funds" was "relevant to which party breached the contract." BCHS's Brief at 12. BCHS claims Appellant seeks as damages the sixth and seventh "draws" for completion of the project ($76,000), "which are the remaining payments under the contract, without any adjustment for [Appellant's] costs to complete the project." *Id.* at 13; *see also id.* (claiming "BCHS hired Greentree Builders to complete the majority of the construction after [Appellant] left the jobsite and [BCHS] paid Greentree Builders alone $65,504.67."). Finally, BCHS

claims its discovery "request is not overly burdensome because [Appellant's] ordinary business records would contain the requested information." ***Id.***

The trial court rejected this claim. The court "found this information to be relevant to the issue of damages," for the same reasons the court advanced the above reasoning "regarding Appellant's tax returns." Supplemental Opinion, 7/22/22, at 4. Mindful of our deferential standard of review, ***see McNeil***, ***supra***, as well as our evaluation of the record before us, we cannot discern any abuse of the court's discretion. ***See also In re Estate of Renwick v. Renwick***, 248 A.3d 577, 580 (Pa. Super. 2021) ("[a]n abuse of discretion is not lightly found, as it requires **clear and convincing evidence** that the trial court misapplied the law or failed to follow proper legal procedures," and a "reviewing court **will not usurp the trial court's fact finding function**." (emphasis added; citations and quotations omitted)). Further, we find BCHS's argument persuasive, and cannot conclude its discovery request would be unduly burdensome. ***See also*** Pa.R.C.P. 4011(b), ***supra***.

In its fourth and final issue, Appellant argues the trial court,

> erred in ordering [Appellant] to determine and identify what work was preformed [*sic*] at specific time periods relating to the third through fifth draws[,] where [BCHS] terminated the contract after the fifth draw and did not allege any breaches due to the timing of the work.

Appellant's Brief at 17 (capitalization omitted). Appellant contends the "requested information is beyond the scope of discovery because it is not

relevant to any claim or defense and requires an unreasonable forensic investigation by [Appellant,]" which would be "unduly burdensome." *Id.*

BCHS contends this discovery request is not unduly burdensome and pertains to relevant information. BCHS's Brief at 14. BCHS claims "[t]his information would allow BCHS to … provide relevant evidence of [Appellant's] motive to breach the contract," which, BCHS suggests, could be attributable to Appellant "losing money" on the project. *Id.* BCHS asserts that the information could prove Appellant's "[f]ailure throughout the contract to complete work on time," which "will demonstrate … whether [Appellant's] failure to complete these items constituted a breach of the contract." *Id.*

> The trial court rejected Appellant's argument, reasoning:
>
> [Appellant claims] we erred in ordering Appellant to "determine and identify what work was completed, the costs of materials, and the cost of labor" from between the third and sixth draws. Appellant argues that said information is irrelevant until the time frame of the sixth and seventh draws. We disagree. In BCHS's Counterclaim, BCHS avers that, at the time of the fourth draw payment, Appellant was to have all remaining building materials on site. BCHS also avers that Appellant had not provided these materials at the time of the fourth draw and subsequently removed the materials that were on site. Based upon our reading of the pleadings, we believe the work completed by Appellant (as well as Appellant's cost of materials and labor) at the time of the third draw onward is directly at issue. Therefore, we found BCHS's request for interrogatories for said information to be relevant and subject to discovery.

Supplemental Opinion, 7/22/22, at 4-5 (citations, footnote, and ellipses omitted). Upon review, we again discern no abuse of discretion in permitting

- 14 -

this discovery, and find the trial court's rationale to be supported by the record.  Appellant's final issue does not merit relief.

Consistent with the foregoing, we reverse the Discovery Order insofar as it compels production of Mr. Smith's personal tax returns.  In all other respects, we affirm.

Order affirmed in part and reversed in part.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judge Colins joins the memorandum.

Judge McCaffery files a concurring/dissenting memorandum statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  08/17/2022